**Adam Walter STRAUB a/k/a Billie Lee, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21517.**

United States Court of Appeals
Fifth Circuit.

Oct. 11, 1965.

Rehearing Denied Nov. 22, 1965.

G. Milton Rubin, Ulrich, Rubin & Berman, by Bernard Berman, Miami Beach, Fla., for appellant.

Edward A. Kaufman, Asst. U. S. Atty., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, THORNBERRY, Circuit Judge, and CARSWELL, District Judge.

PER CURIAM.

Appellant attacks his conviction and sentence in the United States District Court for the Southern District of Florida on all counts of a nine count indictment charging him with violations of 26 U.S.C.A. §§ 4744(a) and 4742(a) and 21 U.S.C.A. § 176a, dealing with illegal transfer and sale of marijuana.

We find no merit in appellant's contention that the trial court erred in permitting testimony as to the contents of an envelope in which the marijuana

1. Klink v. Looney, 10 Cir., 262 F.2d 119; United States ex rel. Sproch v. Ragen, 7 Cir., 246 F.2d 264.

2. 22 O.S.Supp.1965, § 1073.

particles had been placed when the marijuana itself was not introduced in evidence, Francis v. United States, 239 F.2d 560, 10 Cir.

We conclude that proper service was made of the demand required under 26 U.S.C.A. § 4744(a) to justify the trial court's charging the jury on the presumption set out in that section of the statute.

 Finally, there was ample evidence to warrant submission of the charge under count IV to the jury. The facts of the transfer there alleged, in conjunction with the constructive possession by appellant, are sufficient to sustain the conviction in spite of the fact that appellant was not physically present. See Grant v. United States, 9 Cir., 291 F.2d 746, cert. denied 368 U.S. 999, 82 S.Ct. 627, 7 L.Ed.2d 537.

The judgment is affirmed.