**Guillermo MORENO, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 25213.

United States Court of Appeals
Fifth Circuit.

March 12, 1968.

Travis M. Moursund, San Antonio, Tex., for appellant.

Andrew L. Jefferson, Jr., Asst. U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before RIVES, GEWIN and THORNBERRY, Circuit Judges.

PER CURIAM:

The appellant was convicted by a jury in the United States District Court for the Western District of Texas on six counts under an indictment charging violations of the Federal Narcotics laws, 21 U.S.C. § 174; 26 U.S.C. §§ 4704(a) and 4705(a). He was sentenced to a term of seven years on count one, with like time on the remaining counts to be served concurrently.

The appellant contends that error was committed in the admission of the testimony of a government chemist who had performed a chemical and visual analysis of the capsules possessed and sold by appellant. The chemist testified that the capsules contained heroin. Before so tes-

* Morandy v. United States, 9 Cir., 170 F.2d 5; Jones v. United States, 9 Cir., 378 F.2d 340.

tifying the witness was qualified as an expert in the field of analyzing unknown substances to determine their content, he described the tests performed and stated that it was his considered opinion that the capsules contained heroin. The chain of custody of the capsules after they were taken into possession was properly established. They were duly received into evidence. Appellant did not challenge the qualifications of the witness or object to any of the testimony. Appellant now claims that the identification of the heroin was not sufficient because of a lack of evidence that the tests performed were scientifically approved and reliable. The witness described the tests and the results achieved in making his determination that the substance was heroin.

It is our conclusion that no error was committed. Identification of the substance which was alleged to be heroin was a fact which was susceptible of proof by expert testimony of the type offered. The expert was qualified to give his opinion based upon the tests he conducted and the results shown by such tests. See Aeby v. United States, 206 F.2d 296, 299 (5 Cir. 1953).

The judgment is affirmed.