GOVERNMENT OF THE VIRGIN ISLANDS

v.

**FRANK DE OLIVERA**

Criminal No. 29-1970

District Court of the Virgin Islands

Div. of St. Croix

November 26, 1971

Attorney General, Charlotte Amalie, St. Thomas, V.I. (JOSEPH TARGIA, of counsel), Christiansted, V.I., *for plaintiff*

MICHAEL R. DANGELO, Frederiksted, St. Croix, V.I., *for defendant*

YOUNG, *Judge*

## MEMORANDUM OPINION

Defendant was convicted of possession of narcotics. In this appeal, the defense raises two issues: (1) whether defendant's possession of the alleged narcotics was properly established by the evidence; and (2) whether the trial judge committed error in ruling that the detective who

performed various tests on the suspected substance was competent to testify as an expert that the substance contained heroin.

The first issue raised by appellant is interesting but has little merit. Defendant was walking on the sidewalk across the street from Richmond Penitentiary and was observed by a guard making suspicious motions, apparently for the benefit of inmates within the prison yard. The guard alerted another guard of defendant's antics and shortly thereafter, the second guard, in a somewhat concealed position, saw defendant toss a small object over the fence into the prison yard. While in flight over the fence post, the object, being a small tin, came apart and spewed its contents just prior to touchdown. The guard, still concealed, observed an inmate go over to the objects on the ground and, just before the inmate was about to pick up the objects, the guard clumsily rushed forward, scaring the inmate away. The guard, however, did pick up the objects, consisting of the small tin and three small envelopes containing a powdery substance.

■ Defendant testified below and denied that he threw any object over the fence. At the trial and on this appeal, it was argued on behalf of defendant that any legal possession by him of the objects which the guard found on the ground is an allegation bottomed only upon an untenable and weak chain of inferences. While it is true that legal possession must be inferred from circumstantial evidence, I find the evidence most persuasive and further find that the inferences are reasonable and beyond any standard of reasonable doubt. The trial judge committed no error in believing the eye witness that defendant did throw the tin, that the tin found open on the ground was the tin in flight, and that the three envelopes found on the ground near the tin were the contents spewed out from the tin when it broke open in flight.

■ The second issue goes to the competency of the evidence analyzing the powdery substance as containing heroin. I find this issue equally without merit. The error assigned by the appellant is that the detective who analyzed the substance was not competent to testify as an expert. The facts do not support that argument. The detective in question was a member of the Special Narcotics Squad and had been for several years. He attended a special course of instruction given by the Federal Bureau of Narcotics in 1967. He completed that course successfully with a grade of 96, coming out third highest in his class. He is now attached to the Bureau as an alumnus and regularly receives its current supplements and narcotics procedures information. He has been involved as an expert in approximately thirty narcotics prosecutions, several of which have resulted in convictions on the strength of his field test. In the case sub judice the detective performed three field tests, the first of which was the Marquis test, the standard test widely used throughout the United States to test opiatic drugs. This test indicated that the suspected substance was positive for narcotics. The detective then performed a second commonly used test known as the Zennick test, which is a test used specifically for the identification of heroin. The results of this test and the results of a third test utilizing iodine oxide indicated that the substance previously identified as narcotic was positively heroin.

■■ Appellant argues correctly from Mareno v. United States 391 F.2d 280 (1968) that the court may not receive opinion evidence that a substance is analyzed as heroin unless the witness so testifying is qualified as an expert in the field of analyzing unknown chemicals, and that the qualification must further include some specialized education in the field or training in chemical analysis. Mareno (supra) is not, however, authority for reversal in this

appeal. I cannot accept defendant's argument that a detective or policeman having extensive experience, observation and training may not testify as an expert in fields of chemistry, medicine, pharmacology or psychology without being licensed by some state authority in that particular field. In none of appellant's supporting citations is such a legal conclusion to be found. The absence of certificates, memberships, licenses and the like does not in and of itself detract from the competency of an expert witness where expertise does exist. Tank v. C.F.R., 270 F.2d 477 (1959). On the other hand, presence of such indicia of training and authority does not, in and of itself, establish a witness as an expert in specialized fields. For example, in the field of narcotics identification, it has been held that a licensed chemist is only prima facie qualified as an expert witness to identify a substance as heroin. Aeby v. U.S., 206 F.2d 296 (1953).

 There can be no rule of thumb for determining the witness' expertise. Whether or not a witness is qualified is a matter within the discretion of the trial judge. U.S. v. Freundlich, 95 F.2d 376 (1938). All that is necessary is that the witness have some special or technical knowledge and experience so that he may enlighten laymen (judge and jury) in an area beyond their competence and comprehension. The factors leading to expertise qualification are generally: education, practical experience, study, research, and general background. Cranston Print Works Co. v. Public Service Co. of N.C., 291 F.2d 638 (1961); Standard Oil of California v. Moore, 251 F.2d 188, cert. denied, 356 U.S. 975 (1957). State appellate courts have affirmed narcotics convictions wherein a lack of expertise of a police officer witness was raised as a ground for reversal. The following cases involved prosecutions brought under the Uniform Narcotics Drug Act, the provisions of which have been incorporated in our narcotics laws.

In People v. Garcia, 202 N.E.2d 269 (1964), the defendant was found guilty of possession of narcotics in violation of the Uniform Narcotics Act of the State of Illinois. One ground for his appeal was that the state failed to prove beyond a reasonable doubt that the substance analyzed by the police was in fact a narcotic. A police officer performed a field test on the suspect substance and the test proved positive for a derivative of opium. The police officer who performed the test and one other testified as to the manner in which the field test was conducted and that the analysis was positive. The court held that, if believed, this testimony, by itself, was sufficient to establish that the drug was a narcotic drug.

In Miller v. Texas, 330 S.W.2d 466 (1959), Ct. of Criminal Appeals, Texas, appellant was convicted of unlawful possession of marijuana upon the testimony of a police officer that the substance was marijuana solely from his personal observation of it. No chemical analysis was made. On appeal, the competency of the police officer as an expert was affirmed, based upon his testimony that he had been with the Narcotics Bureau of the Dallas Police Department for 18 months, that he was well acquainted with marijuana and could recognize the drug upon sight and smell.

█ In the trial below, the objection to the testimony of the detective came after he completed his testimony of the tests and chemical analysis made by him. The government then proceeded to qualify the detective as an expert. The Court, within its discretion, accepted the detective as an expert and denied defendant's motion to strike his testimony. While defendant has no burden to prove that the substance did not contain heroin, the fact remains that the government proved the nature of the substance beyond reasonable doubt. The record also shows that the government's tests used only a sampling, leaving much of the

substance available for further testing. No other tests were made and defendant offered no countervailing evidence to cast doubt on the efficacy of the government's tests. The trial judge, within his judicial discretion, accepted the detective as a qualified expert and, as trier of the facts, found sufficient basis for his determination that the substance contained heroin. His determination will not be disturbed.

■ Appellant has raised one more issue; that defendant cannot be convicted of possessing narcotics without "some definitive proof as to the actual amount or weight of the narcotic involved." The evidence is devoid of such proof; and likewise, the argument is devoid of merit. Hence, without more,

The judgment of the Municipal Court is hereby affirmed.