**UNITED STATES of America, Appellee,**

v.

**Cleo Marshall GORDON, Appellant.**

**No. 71–1584.**

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1972.

Decided May 16, 1972.

William B. Quinn, St. Louis, Mo., on brief for appellant.

Daniel Bartlett, Jr., U. S. Atty., and William C. Martin, Asst. U. S. Atty., St. Louis, Mo., on brief for appellee.

Before MATTHES, Chief Judge, and HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

The defendant was found guilty by a District Court jury of transferring counterfeit Federal Reserve notes to one Claude Henton, Jr., in violation of 18 U. S.C. § 243. He is represented by counsel on this appeal and has also filed a pro se brief.

Gordon's counsel has raised these issues:

(1) it was error to permit a witness, White, to testify that Gordon had sold counterfeit notes to White and Henton jointly, when the information charged a sale to Henton; and

(2) the trial court should have granted Gordon's motions for judgment of acquittal and judgment n. o. v.

In his pro se brief, Gordon contends:

(3) that the information did not state the offense so that the defendant could understandingly plead and prepare a defense;

(4) that Gordon did not knowingly and intelligently waive indictment;

(5) that the two prime witnesses against him, White and Henton, were granted "deals" in return for their testimony, and

(6) that Gordon received a harsher sentence than he would have if he had pleaded guilty.

None of the issues raised by Gordon himself was presented to the trial court. Nevertheless, we have reviewed the record in this case but find no merit in any of Gordon's contentions.

■ First, we do not believe that the court erred in admitting White's testimony. The government's proof that the counterfeit money was initially given to Henton, with White in the back seat of the car, and the proof that Henton attempted to pass the counterfeit bills, was sufficient to prove the charge. The fact that there was an agreement between White and Henton as to how the counterfeit bills were to be obtained and spent does not materially vary from the information.

Second, there was sufficient evidence of guilt to send the case to the jury, and a granting of Gordon's motions would have been improper.

Third, we believe that the language of the information gave clear and concise notice of the charge. Gordon was also represented by counsel who defended him aggressively and well.

■ Fourth, there is simply nothing in the record to suggest that Gordon's waiver of indictment was either unknowing or unintelligent. The waiver form was executed by both Gordon and his counsel. The form itself states that the defendant had been "advised of the nature of the charge and of his rights * * *." Throughout this case, counsel represented Gordon diligently. Gordon has not asserted any facts which support his contention that his waiver of indictment was not knowingly and intelligently made. Bartlett v. United States, 354 F.2d 745 (8th Cir.), cert. denied, 384 U. S. 945, 86 S.Ct. 1471, 16 L.Ed.2d 542 (1966); Ruffin v. United States, 330 F.2d 159 (8th Cir. 1964).

We have canvassed the record with respect to Gordon's fifth and sixth allegations, and we find that there is simply no factual support for them.

The judgment is affirmed.