**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Annette GRAHAM and John Lonnie Jerkins, Defendants-Appellants.**

**No. 71-2792.**

United States Court of Appeals, Fifth Circuit.

July 18, 1972.

---

James G. Feiber, Jr., Gainesville, Fla. (court appointed) for Graham.

Lansing J. Roy, Gainesville, Fla. (court appointed) for Jerkins.

William H. Stafford, Jr., U. S. Atty., Clinton Ashmore, Asst. U. S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before TUTTLE, MORGAN and RONEY, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

At a joint trial before a jury John Jerkins was convicted of three counts of selling heroin to government undercover agents and Annette Graham was convicted of aiding and abetting these sales, all in violation of 26 U.S.C. § 4705(a).[1] The three heroin sales were alleged to have taken place on November 16, 1970, on November 24, 1970, and on January 2, 1971. Both appellants contend that the government failed to prove that the substance sold on November 16th was in

---

1. 26 U.S.C. § 4705(a) provides as follows:
 "It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate."

Appellants were sentenced under 26 U.S.C. § 7237(b). Graham was 19 years of age and she received three concurrent sentences under the Federal Youth Corrections Act, 18 U.S.C. §§ 5005–5024. Jerkins was sentenced to three terms of 15 years each, to be served consecutively.

fact heroin; that the heroin sold on November 24th was improperly introduced into evidence; and that the district court committed error by allowing the government to introduce a report that the substance sold on January 2, 1971, was heroin instead of requiring the introduction of the heroin itself. Appellant Graham contends individually that the district court erroneously denied her motion for severance and that the evidence was insufficient to sustain her conviction. We agree with appellants' contention that the material sold on November 16, 1970, was not proved to be heroin, but we hold that the other contentions are without merit.

■ To establish that appellants sold heroin on November 16th the government introduced exhibit number 1 into evidence. This exhibit was an envelope which contained two vials supposedly filled with heroin. One of the vials contained heroin which was allegedly given to an undercover agent by appellant Jerkins on November 15, 1970. This heroin was involved in another count of the indictment for which Jerkins was not convicted. The other vial contained the substance of the November 16th sale. When the government expert witness, chemist Robert C. Arnold, took the stand he testified that exhibit number 1 contained one vial which he found to contain heroin. It is obvious from the amount of material (.057 grams) which Arnold said was in the vial, that he was referring to the gift package of heroin and not to the heroin [2] sold on November 16th. Arnold gave no further testimony in regard to exhibit number 1. Undoubtedly the failure of Arnold to identify the substance in the additional vial was due to inadvertence on the part of government counsel. Nevertheless, the record is devoid of any evidence that the white powder sold on November 16th was heroin.

There is no question that in this case proof of heroin was required for a conviction under 26 U.S.C. § 4705(a). The statute specifically provides that it shall be unlawful to sell "narcotic drugs." Although appellants did not move for judgments of acquittal on these counts,[3] the government failed to prove an essential element of the offense as defined by the statute. Cf. Moreno v. United States, 5 Cir. 1968, 391 F.2d 280; Rule 52(b), Federal Rules of Criminal Procedure, Title 18, U.S.C. Accordingly, the convictions of appellants for the sale of heroin on November 16th are reversed and remanded for a new trial.

As to the November 24th transaction, Arnold did testify that the substance sold on that date was heroin. The heroin was then labeled exhibit number 2. However, in attempting to introduce exhibit number 2 into evidence, government counsel stated as follows:

"At this time the government offers in the exhibit number one, number three and four."

Defense counsel objected to the introduction of this evidence and the district judge replied:

"Objection overruled, let them *all* be received in evidence as government exhibits *one through four*." (Emphasis supplied.)

The clerk of court then stated:

"*One through four inclusive*, Your Honor, and they have been so marked on my list." (Emphasis supplied.)

Exhibit number 2 was then admitted into evidence along with the other three exhibits.

■ Appellants contend that the failure of government counsel to explicitly state that exhibit number 2 was being offered into evidence is reversible error. We do not agree. Although government counsel may have committed an oversight in failing to specifically state

---

2. The heroin sold on November 16, 1970, amounted to 2.110 grams, compared to the .057 grams which was allegedly given to the undercover agent.

3. Appellants were charged individually in separate counts for each heroin sale.

that exhibit number 2 was being tendered into evidence, it is clear from the responses of the district judge and the clerk that all the exhibits, including number 2, were actually being offered. Appellants made no objection to the failure to name exhibit number 2, and we find no indication that appellants were misled or that they were under a misapprehension that the exhibit was not being offered at that particular time. Apparently all parties understood that the exhibit was being offered and no prejudice resulted to appellants. Under these circumstances, the error, if any, was harmless. Rule 52(a), Federal Rules of Criminal Procedure, Title 18, U.S.C.; See United States v. Flanagan, 5 Cir. 1971, 445 F.2d 263; United States v. Nolte, 5 Cir. 1971, 440 F.2d 1124.

 Appellants' next assignment of error concerns the heroin sale of January 2, 1971. The heroin from this sale was apparently misplaced and not introduced into evidence. Instead, the government introduced a form[4] which was filled out at a government laboratory in Washington, D. C. The form stated that the laboratory received 14 foil packets which contained varying amounts of heroin. Appellants claim that, because the real evidence was not introduced, they were prevented from examining the evidence to determine whether it had been tampered with. There is no requirement, however, that the prosecution introduce the contraband itself when other reliable evidence is proffered which establishes the nature of the contraband. Straub v. United States, 5 Cir. 1965, 351 F.2d 304. Here, chemist Robert C. Arnold testified that he received the subject of the January 2nd sale, and

that the substance was heroin. The government form gave a detailed description of the physical appearance of the evidence. Under these circumstances, it was not error to fail to introduce the heroin.

 We also reject appellants' contention that the government failed to properly establish the chain of custody for this heroin. Evidence in the record amply documents the journey of the heroin from the time it was sold by Jerkins until it was chemically analyzed at the government laboratory. There is no indication that the heroin was tampered with. The adequacy of the chain of custody was a factual question which the jury resolved against appellants. United States v. Clark, 3 Cir. 1970, 425 F.2d 827; Williams v. United States, 9 Cir. 1967, 381 F.2d 20.

 As to the points of error raised individually by appellant Graham, we find them both without merit. The record reveals substantial evidence that Graham knowingly participated in and arranged the sales of heroin by Jerkins. See, e.g., United States v. Warner, 5 Cir. 1971, 441 F.2d 821. The denial of Graham's motion for severance was well within the discretion of the district court. Opper v. United States, 1953, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101; United States v. Gray, Johnson and Span, 5 Cir. 1972, 459 F.2d 976 [1972]; Gordon v. United States, 5 Cir. 1971, 438 F.2d 858.

The convictions of Jerkins and Graham are therefore reversed and remanded for a new trial as to Counts 2 and 9 respectively. The convictions on all other counts are affirmed.

Reversed and remanded in part; affirmed in part.

---

4. Form number 7 of the Bureau of Narcotics and Dangerous Drugs.