**Calvin J. TAYLOR, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 72–1454.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1973.

Decided Feb. 6, 1973.

John T. Ahlquist, St. Louis, Mo., for appellant.

Daniel Bartlett, U. S. Atty., and Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY, HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

Petitioner brings an appeal from a denial of his petition brought under Section 2255 to vacate and set aside his sentence. In 1967 petitioner was convicted in the Eastern District of Missouri for two counts of violating 26 U.S.C. § 4705 (a) and for one count of violating 26 U.S.C. § 4704(a). He was sentenced to three concurrent twenty-year prison terms as a subsequent narcotic offender under the provisions of 26 U.S.C. § 7237. Petitioner now contends that the sentences are improper since they are based on prior invalid convictions.

The history of these prior convictions and petitioner's attempt to set them

aside is adequately set forth in the district court's memorandum:

"In 1948 petitioner pleaded guilty to acquiring and possessing marihuana cigarettes without having paid the required transfer tax in violation of then 26 U.S.C. § 2593, and was sentenced to two years imprisonment. In 1949 petitioner was convicted of unlawful possession of heroin in violation of then 26 U.S.C. § 3224, which was then punishable under 26 U.S.C. § 2557(b)(1). After deferring the imposition of sentence from time to time, petitioner was finally discharged without imposition of punishment.

"Prior to the filing of the present motion, petitioner applied to this Court for two writs of error coram nobis. One application was directed at voiding the 1948 conviction and the other at voiding the 1949 conviction.

"Petitioner contended that the 1949 conviction was void on the grounds of a defective indictment and because he was discharged without imposition of punishment. For reasons expressed in a memorandum opinion by Judge Regan, *Calvin Jerome Taylor*, No. 71 C 632(2), dated November 4, 1971, this Court found the above contentions to be without merit.

"Petitioner challenged the 1948 conviction on the basis of Leary v. United States, 395 U.S. 6 [, 89 S.Ct. 1532, 23 L.Ed.2d 57] (1969), and impliedly on United States v. Covington, 395 U.S. 57 [89 S.Ct. 1559, 23 L.Ed.2d 94] (1969), which held that, ordinarily, a timely invocation of the privileges against self-incrimination constitutes a complete defense to prosecution under 26 U.S.C. § 4744(a). In an opinion by Judge Harper, this Court denied coram nobis relief, holding that petitioner's sentences in 1967 as a subsequent narcotics violator are within the limits permissible, even absent consideration of the 1948 offense, and, thus, that petitioner failed to show that he was suffering from any adverse legal consequences from the 1948

conviction. Taylor v. United States, 333 F.Supp. 1067 (E.D.Mo.1971). In reaching that decision, this Court again examined the 1949 conviction and found that it provided a proper basis for the 1967 sentences as a subsequent narcotics offender."

■ In the present Section 2255 proceeding, the district court again reviewed Taylor's conviction on the *new* grounds asserted and again found no invalidity in the 1949 judgment. We find the record sustains the district court's finding on this conviction. The district court further found that any invalidity of the 1948 conviction would "be of no consequence to the 1967 sentences." In doing so, the trial judge, which was the same judge which imposed the 1967 sentences, indicated that the twenty year sentences imposed under Counts I and III of the indictment were within the permissible limits for first and second offenders under 26 U.S.C. § 4705(a) and 26 U.S.C. § 7237(b) and that the twenty year sentence under Count II was within the range for second offenders under Sections 4704(a) and 7237(a). Notwithstanding this analysis we find under the principles of United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), that because of the invalidity of the 1948 conviction, petitioner is entitled to be resentenced.

■ There is no question that under existing law the 1948 conviction was invalid. Petitioner was convicted in 1948 of acquiring and possessing marijuana without having paid the required tax in violation of 26 U.S.C. § 2593, which section later became 26 U.S.C. § 4744. The Supreme Court in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), and United States v. Covington, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969), held that the Fifth Amendment provides a complete defense to a prosecution under 26 U.S.C. § 4744 if the accused's plea of self-incrimination is timely. Taylor's 1948 conviction contained this infirmity, and since this

court has declared the *Leary* and *Covington* cases to be retroactive, that conviction must be overturned. Scogin v. United States, 446 F.2d 416 (8 Cir. 1971).

In United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), the Supreme Court held that a sentence based on three prior convictions, two of which were later found invalid, must be set aside and the defendant resentenced. Acknowledging that a trial judge's discretion in sentencing will generally not be reviewed, the Court noted:

> "[W]e deal here, not with a sentence imposed in the informed discretion of a trial judge, but with a sentence founded at least in part upon misinformation of constitutional magnitude. [See Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948).]
>
> · · ·
>
> · · · · · ·
>
> " . . . For if the trial judge in 1953 had been aware of the constitutional infirmity of two of the previous convictions, the factual circumstances of the respondent's background would have appeared in a dramatically different light at the sentencing proceeding." Id. at 447–448, 92 S.Ct. at 591–592.

The Court in *Tucker* rejected the notion that to remand would be "artificial" or "unrealistic" as the sentence would probably be the same. The Court also rejected the government's harmless error argument and noted that on remand the sentencing court may want to take into consideration that the defendant had served time for a conviction later determined to be unconstitutionally obtained.

Notwithstanding that the district court has reasoned that the sentence here is within the permissible range of sentences for first and second offenders, we think compliance with the true intent and meaning of *Tucker*, as well as *Leary* and *Covington*, requires that petitioner be resentenced. Although two of the three counts under Section 4705(a) were well within the statutory limits for second or subsequent offenses (ten to forty years), we deem it significant with respect to the third count that a second offender may receive five to twenty years while a third offender receives ten to forty years. Thus, even though appellant received a moderate sentence for a third offender, he received the maximum for a second offender on that count. See 26 U.S.C. § 7237(a).

Although the district court has stated that it would be of no consequence, we nevertheless feel the court should resentence petitioner, keeping in mind that the 1948 conviction was constitutionally infirm and that the petitioner is not a third offender. This court is aware of our decision in McAnulty v. United States, 469 F.2d 254 (8 Cir. 1972), where we refused to remand to the district court since the district court reviewing petitioner's motion to vacate the sentence under Section 2255 was the same court which had earlier sentenced the defendant. There the district judge had earlier refused to vacate the sentence since in his judgment "the sentence would be the same." We find this statement clearly distinguishable from the court's reasoning here that resentencing would be of "no consequence" since the original sentence was still within the permissible limits. A sentencing judge might still render a lesser sentence where the petitioner's record appears in a "dramatically different light" notwithstanding that the original sentence was within permissible limits of the lesser category of recidivists. Judgment reversed and remanded for resentencing of the 1967 conviction.