UNITED STATES of America,
Plaintiff-Appellee,

v.

James Delmore DEATON, Defendant-
Appellant.

No. 72-3666

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 11, 1973.

Maynard E. Cush, Shreveport, La. (Court-Appointed), for defendant-appellant.

Donald E. Walter, U. S. Atty., Shreveport, La., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

On direct appeal, this court affirmed Deaton's conviction for violation of 18 U.S.C. § 1072, but finding separate consecutive sentences on each count of the indictment to be multiplicitous, we remanded for resentencing. United States v. Deaton, 468 F.2d 541 (5th Cir. 1972). The appellant has now been resentenced to a single term of three years.

■ Deaton contends that the imposition of this sentence was improper because others involved in the same offense received lesser sentences. We reject this contention since the sentence is within the statutory limits and Deaton has demonstrated no abuse of judicial discretion which would entitle him to relief. See, e. g., United States v. Johnson, 476 F.2d 1257, 1258 (5th Cir. 1973); United States v. Bristol, 473 F.2d 439, 444-445 (5th Cir. 1973); Rodriguez v. United States, 394 F.2d 825 (5th Cir. 1968).

■ Deaton also asserts that the new sentence is in derogation of his constitutional rights because, had he been properly sentenced initially, he would have been eligible for parole consideration prior to the date of resentencing; whereas the initial improper sentence has precluded his application for such

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

release up to now. The mere fact that at the time of resentencing the appellant had been in federal custody for more than one-third of maximum sentence possible on remand does not entitle him to immediate release. Thompkins v. U. S. Board of Parole, 427 F.2d 223 (5th Cir. 1970). Nor does the fact that he was erroneously barred from earlier consideration for parole entitle him, as a matter of law, to release before he has served the full sentence properly imposed on resentencing. Deaton's eligibility for parole prior to the completion of the sentence now imposed must be determined by the Board of Parole under 18 U.S.C. § 4201–4203.

The judgment of the district court upon remand is affirmed.