Joseph Charles JAMES, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 72–1783.

United States Court of Appeals,
Eighth Circuit.

Submitted March 16, 1973.

Decided April 20, 1973.

Joseph Charles James, pro se.

Bethel B. Larey, U. S. Atty., and Sam Hugh Park, Asst. U. S. Atty., Fort Smith, Ark., on brief for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, HEANEY, Circuit Judge, and VAN SICKLE, District Judge.*

PER CURIAM.

This is a timely appeal by Joseph Charles James, hereinafter called defendant, from order denying his 28 U.S. C. § 2255 petition to vacate a five-year sentence imposed upon him after his plea of guilty to a charge of possession of an explosive bomb, in violation of 26 U.S.C. §§ 5861(d) and 5871.

We will briefly summarize the background facts. Defendant waived indictment and was charged by information in Count I with possession of an explosive bomb in violation of 26 U.S.C. §§ 5861(d) and 5871, and in Count II with possession of a pistol by a convicted felon, in violation of 18 U.S.C. App. § 1202(a). Defendant was represented by counsel and entered a voluntary plea of guilty to each count which was accepted by the court.

Defendant was sentenced to five-years imprisonment on Count I, under which a sentence up to ten years was permissible, and was given a two-year concurrent sentence on Count II. In the § 2255 hearing here involved, the trial court upheld defendant's contention that his conviction on Count II was invalid under United States v. Bass, 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), decided subsequently to the imposition of sentence, and set aside and vacated the conviction and sentence on Count II.

The court denied relief as to the Count I sentence, stating: "It is further ordered and adjudged that the petition of Joseph Charles James as to Count I of the information be denied and the sentence entered by the Court on June 22, 1971, be and the same is hereby in all respects affirmed."

---

* Sitting by designation.

Defendant, relying upon United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), urges that he is entitled to have his Count I sentence vacated with a remand to the trial court for resentencing upon the ground that it is not established that the trial court did not rely on the invalid Count II conviction in imposing the Count I sentence. The Supreme Court in *Tucker* states that the vital issue for determination is "whether the sentence . . . might have been different if the sentencing judge had known that at least two of the respondent's previous convictions had been unconstitutionally obtained." 404 U.S. 443, 448, 92 S.Ct. 589, 592, 30 L.Ed.2d 592.

Similarly here, the critical issue is whether the sentence imposed on Count I might have been different if the sentencing judge had known at the time of the sentencing that the Count II conviction was invalid.

This court has on several occasions subsequent to *Tucker* remanded for resentencing where it appeared possible that a sentencing judge might have relied in part on an unconstitutional conviction. Taylor v. United States, 472 F.2d 1178 (8th Cir. 1973); Garrett v. Swenson, 459 F.2d 464 (8th Cir. 1972). In *Taylor* we stated: "A sentencing judge might still render a lesser sentence where the petitioner's record appears in a 'dramatically different light' notwithstanding that the original sentence was within permissible limits of the lesser category of recidivists." 472 F.2d 1178, 1180.

In McGee v. United States, 462 F.2d 243 (2d Cir. 1972), concurrent sentences of two years were imposed upon each of four counts upon which defendant was convicted. The conviction on Count I was later invalidated. The court in remanding counts two to four for resentencing states that on a silent record it is impossible to determine whether the sentences on the remaining counts were in part induced by conviction on the count which was subsequently invalidated. The court also states:

"When the invalidity of the conviction on one count which may have influenced the sentence becomes apparent on an appeal, whether on direct or collateral attack, the proper course is usually to vacate the sentences and remand for resentencing on the valid counts without consideration of the invalid one." 462 F.2d 243, 246. To like effect, see Martinez v. United States, 464 F.2d 1289 (10th Cir. 1972).

In McAnulty v. United States, 469 F.2d 254 (8th Cir. 1972), we held no remand for resentencing was required where the trial judge in the § 2255 proceeding stated that six years was the appropriate sentence regardless of the invalidity of previous convictions.

In our present case, the trial court made no express statement with respect to the consideration if any given to the Count II conviction subsequently invalidated in imposing sentence on the valid conviction.

The fact that the sentencing judge reaffirmed the sentence on Count I in the present § 2255 proceeding after he had invalidated the Count II conviction lends support to the Government's view that the Count II conviction had no influence on the Count I sentence and that a remand for resentencing will accomplish nothing. The court could in the § 2255 proceeding vacate the Count I conviction and resentence the defendant if he believes the Count II conviction influenced the Count I sentence. However, such is the position taken in *Tucker* by the dissenting opinion of Mr. Justice Blackmun, concurred in by the Chief Justice, which position was rejected by the Court majority in footnote 8, p. 449 of 404 U.S., 92 S.Ct. 589. The burden imposed on the trial court on remand for resentencing will be slight. A record can then be made which will clearly reflect whether the sentence imposed on Count I was in any way influenced by the Count II conviction. The bulk of the cases passing upon the issue before us interpret *Tucker* as requiring a remand under the circumstances of this case.

This case is remanded to the trial court with direction to vacate the sentence imposed on Count I and to resentence the defendant upon such count.[1]

---

1. Defendant at footnote 1 of his reply brief states that the trial court at the time of imposing sentence considered and relied upon four previous convictions of the defendant which defendant now claims were constitutionally invalid. Defendant concedes such issue was not raised in the trial court and that hence it cannot be considered upon this appeal. We suggest that the trial court in event it considers any previous convictions in passing sentence on Count I allow the defendant to attack the validity of such convictions upon the basis that such procedure might be helpful in bringing about an early termination of this litigation.