UNITED STATES of America, Plaintiff-Appellee,

v.

Dominga SALAZAR, Defendant-Appellant.

No. 73-1491

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 11, 1973.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Roger C. Rocha, Laredo, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

On September 22, 1972, appellant was convicted by a jury of the possession of 55 pounds of marijuana with the intent to distribute the same in violation of 21 U.S.C. § 841(a)(1). She was adjudged to be guilty and given a sentence of three years to be followed by a special parole term of two years. On this appeal she contends that the trial court committed error (1) in overruling her separate motions to strike from the jury panel 24 jurors, all of whom had served in criminal cases involving marijuana at the same term of court; and (2) in refusing to properly conduct the voir dire examination of the jurors. We affirm.

The appellant contends that the 24 jurors should have been stricken en masse because 12 of the 24 had refused to believe an alibi asserted by another defendant similar to the alibi the appellant wished to prove as a defense. The other 12 jurors, it is claimed, had acquitted a defendant in a criminal prosecution involving marijuana but the judge had expressed his doubts about the accuracy of their verdict. We find no merit in these contentions.

Whether or not a jury believes an alibi in one criminal case does not determine whether they would believe another alibi in another criminal case involving a different defendant. Nor do we believe that the other 12 jurors were disqualified simply because the judge expressed some disagreement with the verdict they reached. The mere fact that a judge informs a jury, after verdict, that he probably would have reached a different conclusion does not disqualify that jury for further service. Moreover, the appellant has failed to demonstrate how the denial of the motions prejudiced her case. She does not assert that there was insufficient evidence to support the verdict of the jury or the judgment of conviction.[1]

A judge has substantial discretion in conducting the voir dire examination of jurors. Unless that discretion

---

[1]. Appellant's motion to strike was based on pure conjecture. There was no showing of potential actual bias by these twenty-four individuals. Entertaining such unfounded suppositions would indeed open a Pandora's box. All prospective jurors have some individual concepts and past experiences which color their perceptions to some extent. However these common sense observations are not sufficient in themselves to taint the ability of one to judge his peers. We perceive no abuse of discretion by the trial court in denying appellant's motion to strike.

is abused there should be no reversal.[2] The appellant in this case has not demonstrated that there was the slightest abuse of discretion.

Affirmed.

2. Appellant has made no showing in this court that the trial court abused its discretion in limiting the voir dire examination. See United States v. Gassaway, 456 F.2d 624, 626 (5th Cir. 1972) ; United

State v. Fernandez-Piloto, 426 F.2d 892 (5th Cir. 1970).