**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Rodney Bruce HARPER, Defendant-Appellant.**

No. 74-3165
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 30, 1974.

Rehearing Denied Feb. 4, 1975.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Arvis Cumbest, John L. Hunter, Pascagoula, Miss., for defendant-appellant.

Robert E. Hauberg, U. S. Atty., Daniel E. Lynn, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before COLEMAN, DYER and RONEY, Circuit Judges.

COLEMAN, Circuit Judge.

Appellant Rodney Bruce Harper was convicted of one count of distribution of 19.9 grams of heroin. In this appeal appellant alleges the court erred in not granting him a continuance so an independent examination of the heroin could be performed; that the court erred in the jury selection process; that the court erred in not instructing on entrapment; and the court abused its discretion in imposing the maximum sentence possible. A review of the record reveals these contentions to be without merit. We affirm.

On August 28, 1973, appellant was at his home in Pascagoula, Mississippi. DEA Agent Hahn, accompanied by the informant Ingram, came to appellant's home to effectuate a purchase of heroin, allegedly an ounce. Agent Hahn was told the man with the heroin would be there in a while. John Mann, appellant's co-defendant showed up thereafter. Appellant and Mann had a conversation out of Hahn's presence; then Mann left. He later returned with a canvas bag, which contained the heroin. Hahn testified that appellant gave him

the heroin. Appellant denied this, stated Mann tricked him into holding the heroin which he immediately put down on the coffee table in the living room, and then left the room. Hahn stated Mann took the money, $950. Hahn performed a field test on the substance which was positive for heroin.

Hahn testified while they were waiting for Mann, he and appellant got into a conversation about drugs. Appellant admitted at the time of the sale that he was using various drugs, including heroin and marijuana, and that he had marijuana around the house. He stated he had not used drugs since the time of his arrest. He also alleged that Ingram had constantly pestered him for drugs, and that Mann was a known pusher.

Appellant filed a motion for continuance so as to have an independent examination of the heroin on May 9, 1974, six days prior to trial. Since appellant was not present at that time, the motions were held till the day of trial, May 15. At the May 9 hearing the prosecutor offered to give defense counsel what he had at that time, the scientific reports. The heroin did not arrive back in Mississippi till the night before the trial; the government chemist brought it with him. At the May 9 hearing the court told counsel he would have an opportunity to have the heroin examined and tested on May 15. On May 15, after conversing with the government chemist, defense counsel ascertained definitive tests could not be performed outside a laboratory. Counsel then asked for a continuance which was denied.

■■■ The grant or denial of a continuance will not be disturbed absent a clear showing of abuse of discretion by the trial judge, United States v. Moriarty, 5 Cir., 1974, 497 F.2d 486, 489, and cases cited therein. Appellant did not exercise due diligence in obtaining his own expert witness. He did not even raise the point until six days before trial. He did not have an expert on hand at trial. Appellant did not challenge the qualifications of the government's chemist, who testified the sub-

stance was heroin hydrochloride, a Schedule I controlled substance. The chain of custody was adequately established. Indeed there is no requirement that the prosecution introduce the contraband itself when other reliable evidence is proferred which establishes the nature of the contraband, United States v. Graham, 5 Cir., 1972, 464 F.2d 1073. Here the chemist testified he received the substance and it was heroin. Under these circumstances, the court did not abuse its discretion in denying a continuance.

While selecting the jury panel, the court excused jurors related to defense counsel or who had used his legal services. One witness, who originally said he was prejudiced against drugs, later admitted he could apply the law as given to him. Rule 24 F.R.Crim.P. recognizes the right of the trial judge to conduct voir dire. The court has broad discretion in conducting voir dire and unless an abuse of discretion is shown there should be no reversal, United States v. Salazar, 5 Cir. 1973, 480 F.2d 144. A review of the entire voir dire does not reveal an abuse of discretion.

Appellant argues the court should have instructed the jury on entrapment. At no time during the trial did appellant raise the defense of entrapment. He denied having any part in the transaction or committing any act which constituted a crime. In United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), the United States Supreme Court reviewed the history of entrapment and decided to leave the matter where it stood in Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). Where the defendant is predisposed to commit the crime, there is no entrapment; only when the government's deception implants the criminal design in the mind of the defendant does the defense of entrapment come into play.

The initial burden to prove entrapment was on appellant to go forward with some evidence, more than a scintilla, that the agents induced him to commit the offense. As we stated in United States v. Groessel, 5 Cir., 1971, 440 F.2d 602, 606: "If a defendant fails to carry the burden on the issue of entrapment forward, he is not entitled to submission of the issue to a jury". Appellant here admitted he was on drugs, including heroin, at the time of the alleged sale. He admitted discussing drug sales with the DEA agent. He admitted having the heroin in his hand at one time. Appellant was predisposed to commit the crime. He has not met the initial burden of going forward. He was not entitled to an entrapment instruction.

Finally, appellant argues the court abused its discretion in giving him fifteen years, the statutory maximum, for distribution of heroin, while his co-defendant who pled guilty only got ten years. We reject this contention since the sentence is within the statutory limits and Harper has demonstrated no abuse of judicial discretion which would entitle him to relief, United States v. Deaton, 5 Cir., 1973, 477 F.2d 65. The court did make an express finding that he would not benefit from being handled under the Youth Corrections Act.

The judgment of the District Court is Affirmed.