John Lonnie JERKINS,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 75–4203
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 29, 1976.

Rehearing Denied June 28, 1976.

John Lonnie Jerkins, pro se.

Clinton Ashmore, U. S. Atty., Tallahassee, Fla., for respondent-appellee.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

JOHN R. BROWN, Chief Judge:

This is an appeal from the petitioner's second § 2255 motion. The District Court gave petitioner the benefit of the doubt and reached the merits of his motion on the grounds that it raised questions not presented in his first § 2255 motion and not deliberately withheld therefrom.

Petitioner was convicted on three counts of selling heroin in violation of 26 U.S.C.A. §§ 4705(a) and 7237(b). On September 2, 1971 he was sentenced to consecutive sentences of 15 years on each count. When subsequently informed that petitioner would not be eligible for parole, 26 U.S.C.A. § 7237(d), the District Court on October 7, 1971 reduced the sentence pursuant to F.R. Crim.P. 35 by ordering that the sentence imposed on Count Seven run concurrently with the sentence imposed on Count Three, but still consecutively to the sen-

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

tence imposed on Count Two. On direct appeal, this Court reversed petitioner's conviction on Count Two because the substance sold was not proved to have been heroin, and we remanded for a new trial on County Two only. We affirmed as to Counts Three and Seven. *United States v. Graham,* 5 Cir., 1972, 464 F.2d 1073. The government chose not to re-try petitioner, and on motion of the United States Attorney pursuant to F.R. Crim.P. 48(a), the District Court dismissed Count Two on February 1, 1973.

Petitioner contends that (i) the District Court abused its discretion by ordering that the entire transcript of testimony by a government witness be read to the jury rather than just the portion requested by the jury, (ii) the District Court should not have allowed the Government to twice call the same witness, (iii) the District Court erred by using the word "should" rather than "must" in part of its jury charge, (iv) the jury charge should have included an instruction on petitioner's alibi defense, (v) his court-appointed counsel was ineffective,[1] and (vi) discovery should be allowed to enable petitioner to show that a government witness perjured herself.

After a thorough review of the record, we are convinced that all of these contentions are without merit.

Finally, petitioner argues that he is entitled to be resentenced on his valid convictions on Counts Three and Seven following the reversal of his conviction on Count Two.

In *United States v. Tucker,* 1972, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592, where the record clearly showed that the District Court relied on the defendant's three previous felony convictions in imposing on the defendant the maximum sentence, the Supreme Court remanded for resentencing where the sentence "might have been different if the sentencing judge had known that at least two of the respondent's previous convictions had been unconstitutionally obtained." 404 U.S. at 448, 92 S.Ct. at 592, 30 L.Ed.2d at 597. The Second and Eighth Circuits have interpreted *Tucker* to mean that where the record is silent as to whether the District Court considered the subsequently invalidated convictions on other counts in sentencing a defendant on valid counts, the defendant must be resentenced. *United States v. Rivera,* 2 Cir., 1975, 521 F.2d 125, 129; *United States v. Brown,* 2 Cir., 1973, 479 F.2d 1170, 1173; *McGee v. United States,* 2 Cir., 1972, 462 F.2d 243; *James v. United States,* 8 Cir., 1973, 476 F.2d 936. *See also Martinez v. United States,* 10 Cir., 1972, 464 F.2d 1289. We agree that unless it can be ascertained from the record, as it now stands or after it is supplemented on remand, that the District Court's sentence on a valid conviction was not affected by a subsequently invalidated conviction on another count of the indictment, the defendant must be resentenced on the valid conviction.

The record before us gives no indication to what extent the District Court considered the invalid conviction on Count Two in imposing and later reducing the sentences on the valid Counts Three and Seven of the indictment. Therefore, the case must be remanded to the District Court for it either (i) to supplement the record to show affirmatively that it did not consider the invalid conviction on Count Two in sentencing petitioner on the valid counts and that the original sentence on the valid counts is still appropriate, or (ii) to resentence petitioner free from whatever considera-

---

1. In denying petitioner's claim that his court-appointed trial counsel was ineffective, the District Court found that the trial was not a farce, mockery of justice, or shocking to the conscience. Although several of our cases at one time expressed the standard for ineffective assistance of court-appointed counsel in those words, we have since made clear that our standard all along has been that the proper test for determining if counsel has been effec-

tive is whether he has rendered reasonably effective assistance to his client. *Herring v. Estelle,* 5 Cir., 1974, 491 F.2d 125; *United States v. Edwards,* 5 Cir., 1974, 488 F.2d 1154, 1164–65. It is apparent from the minor instances of ineffectiveness asserted by petitioner and our own inspection of the record that petitioner was not deprived of reasonably effective assistance of counsel.

tion, if any, it gave to the invalid conviction on Count Two. *See Lipscomb v. Clark*, 5 Cir., 1972, 468 F.2d 1321.

REMANDED.