# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2191

_____

United States of America

*Plaintiff - Appellee*

v.

David Evan Starr

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: February 26, 2015
Filed: March 11, 2015
[Unpublished]

_____

Before SMITH, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

David Evan Starr appeals from the amended judgment that the District Court[1] entered in his criminal case following the grant of relief on one of the claims

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

he raised in his 28 U.S.C. § 2255 proceeding. Initially, we conclude that the appeal is timely, as the District Court extended the time to file a notice of appeal, having found excusable neglect or good cause for Starr's delay in filing his notice. See Fed. R. App. P. 4(b)(4).

After careful review, we find no error in the decision to vacate Starr's convictions on two of the possession-of-child-pornography counts. The court instructed the jury at Starr's trial to consider each count separately and return separate verdicts, and the evidence as to the receipt counts and the non-multiplicitous possession counts was strong. See United States v. Emly, 747 F.3d 974, 980 (8th Cir. 2014) (holding that a multiplicitous indictment did not require remand for a new trial where the multiplicity did not prejudice the defendant). The court's decision to vacate the possession convictions and leave the receipt convictions intact was supported by the evidence and the jury's verdict. See United States v. Muhlenbruch, 682 F.3d 1096, 1100–01 (8th Cir. 2012) (holding that the district court did not abuse its discretion by vacating a lesser-included possession conviction, rather than a receipt conviction, because the decision was "based on the jury's verdict and the evidence introduced at trial"). Further, the court did not err in denying a resentencing hearing. Two of Starr's possession convictions—and the 120-month concurrent sentences originally imposed on those convictions—are still valid, and the court made clear at the original sentencing and in the § 2255 proceeding its intent to impose a 720-month total sentence . See United States v. Harrison, 113 F.3d 135, 137 (8th Cir. 1997) (stating that § 2255 "gives district courts broad and flexible remedial authority to resentence a defendant and to correct the sentence as appropriate"); James v. United States, 476 F.2d 936, 937 (8th Cir. 1973) (per curiam) ("[T]he critical issue is whether the sentence imposed [on the valid count] might have been different if the sentencing judge had known at time of the sentencing that . . . conviction [on another count] was invalid.").

We affirm the judgment of the District Court.

_____

-2-