STATE of Missouri, Respondent,

v.

Robert KIRKPATRICK, Appellant.

No. KCD 30196.

Missouri Court of Appeals,
Western District.

March 3, 1980.

Carlyle Foley, Columbia, for appellant.

John Ashcroft, Atty. Gen., Michael P. Donegan, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, C. J., Presiding, and SHANGLER and MANFORD, JJ.

SHANGLER, Judge.

The defendant appeals from convictions for burglary in the second degree and stealing. The points of error contend that the information was at variance with the evidence and with the instructions which submitted the charges, so that the judgments may not stand.

▮ The several contentions assert prejudice from a discordance between an information which alleged an illicit entry into "a certain dwelling house in rural Randolph County, west of the Monroe County line, the property of Orphie D. Hutchinson," and the evidence which proved that the premises were a joint ownership with the wife of Orphie D. Hutchinson. The defendant complains that the discrepancy effectively fails to protect him from a subsequent prosecution for the same conduct. That contention fails by the very terms of § 545.150, RSMo 1978, [Rule 23.02(b)], which makes sufficient an offense as to multi-owned property, but which alleges that the property "belong[s] to any one or more of [the] owners, without naming all of them." The statute reaches a formal charge which places ownership in one spouse without mention of the other, although the premises were a joint ownership. State v. Martin, 357 Mo. 368, 208 S.W.2d 203, 208[9–12] (1948). The statute reaches also a formal charge which places ownership of the personal property purloined in one spouse without mention of the other, although the personalty was a joint ownership. State v. Nicoletti, 344 Mo. 86, 125 S.W.2d 33, 36[5] (1939). The effect of the statute, accordingly, renders such a variance between the charge of the information and the proof immaterial to the merits of the prosecution and without prejudice to the cause of the defendant.

▮ The defendant contends also that the information and the submission were insufficient for charge and conviction because they failed to describe sufficiently the premises entered. The local description of the dwelling house is an essential element of burglary in the second degree. §§ 560.045 and 560.110, RSMo 1969 [now § 569.170, RSMo 1978]. The reasons which require that an information for burglary set out the ownership and description of the premises entered are: to show that the structure was not that of the accused and to protect the accused from a second prosecution for the same offense. State v. Peck, 545 S.W.2d 725, 727[3] (Mo.App.1977). The formal allegations of the information that the defendant made an unlawful entry into "a certain dwelling house in rural Randolph County, west of the Monroe County line, the property of Orphie D. Hutchinson," fully acquit this rationale.

The defendant contends further, however, that the evidence disclosed that the Orphie Hutchinsons owned still another dwelling house, "just a quarter of a mile [away]," occupied by their son. He concluded, therefore, that the submission—which did not differentiate the one premise from the other—was not that specific local description of the property illicitly entered that the law requires. That contention assumes, of course, that the occupancy of the son was of a structure also aptly described as "a certain dwelling house in rural Ran-

dolph County, west of the Monroe County line." The bare evidence of another owned structure "just a quarter of a mile from us" allows no such inference. The evidence was, rather, that the acreage on which the Hutchinson house subject to the burglary rested was "located in Randolph County . . . [r]ight at the border."

In the circumstance where an information charges a burglary of described premises, one among several sites in the county by the same owner, the allegations do not fail because the property, subject of the prosecution, was not differentiated from the other owned locations. In such case, to aid defense the accused may enlist Rule 23.04 for a more particular statement of the offense. *State v. Ball*, 432 S.W.2d 265, 266[1] (Mo.1968). Were the evidence probative of the inference that the owned dwelling occupied by the son was also sited in Randolph County [a doubtful premise], then the peril to the defendant of jeopardy from a second prosecution for the same criminal conduct would be dispelled by the record of the proceedings which described the subject premises with such particularity as to differentiate the Orphie Hutchinson dwelling from any others in the venue:

[Interrogation of Mrs. Hutchinson]:

Q. Where do you and Orphie live?

A. East and a little bit north of Cairo between Highway J and K.

Q. Is that located in Randolph County?

A. Right at the border.

Q. You own property there?

A. Yes, one hundred twenty-two acres.

Q. Do you farm that property?

A. Yes, sir.

Q. And you also have your dwelling house on that property?

A. Yes, sir.

Q. What kind of a house is it?

A. Well it is just a little frame house, four rooms and a bathroom, and a little laundry room.

The defendant argues also, almost casually, that there was no evidence of lack of consent by Orphie Hutchinson as to the caption of the frozen meat and other goods.

There was no direct evidence on that issue. That element of proof of stealing, however, was shown by the circumstantial evidence that the Hutchinsons were startled to discover their home had been entered forcibly and the freezer plundered—and that they summoned the sheriff and made complaint for prosecution. *State v. Webb*, 423 S.W.2d 795, 798[3–5] (Mo.1968).

The judgment is affirmed.

All concur.