**STATE of Missouri, Respondent,**

v.

**Anthony HARRIS, a/k/a Larry Harris, Appellant.**

No. 48484.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 5, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 9, 1985.

Application to Transfer Denied
May 29, 1985.

Henry Robertson, St. Louis, for appellant.

John Ashcroft, Atty. Gen., T. Chad Farris, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant guilty of burglarizing the secured apartment garage. The trial court sentenced defendant as a second offender to 15 years in prison.

Defendant has appealed challenging sufficiency of the evidence to show he unlawfully entered the hundred-car garage. The state responds that the evidence circumstantially so showed; we agree and affirm.

The challenged but uncontradicted evidence: Entry to the locked basement garage could be gained only by the tenants' cards placed in a slot thereby unlocking the garage door. When apartment manager Ms. Clavin entered the garage she saw defendant carrying a tool box and hurriedly trying to leave. No apartment employee had given defendant permission to enter. The manager called police who saw defendant outside carrying a green tool box, running away and then hiding. Tenant Robinson identified the tool box as his and testified it has been taken out of the forcibly opened trunk of his car.

Under Sections 569.010(8) and 569.170 RSMo. one commits second degree burglary by entering a building without permission for a criminal purpose.

With commendible frankness defendant cites cases holding we are to construe the evidence favorably to the state, that lack of victims' consent may be shown circumstantially, and he admits defendant's presence and behavior were suspicious.

Here the evidence failed to show defendant had authority to enter the garage but that he had stolen and taken property therefrom. See *State v. Jennings*, 649 S.W.2d 448[8, 9] (Mo.App.1983) holding:

"No direct evidence was presented to show that defendant actually unlawfully entered the Bell's home with intent of removing the items. Nevertheless, an inference of guilt is permissible from the unexplained exclusive possession of property recently stolen in a burglary and this possession and inference are sufficient proof to submit both a burglary and stealing charge to the jury."

To the same effect see *State v. Chandler*, 635 S.W.2d 338[4, 7] (Mo. banc 1982) and *State v. Byrd*, 646 S.W.2d 419[1] (Mo. App.1983).

We hold the trial court did not err in refusing to grant defendant's motion for acquittal.

DOWD, P.J., and CRANDALL, J., concur.