**UNITED STATES, Appellee,**

v.

**Raymond Leon BELLE, Appellant.**

**No. 75–1540.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 22, 1975.

Decided Nov. 3, 1975.

---

Raymond Leon Belle, pro se.

Donald J. Stohr, U. S. Atty., and Frank A. Bussmann, Asst. U. S. Atty., St. Louis, Mo., filed brief for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Raymond Leon Belle brings this 28 U.S.C. § 2255 action to attack the sentence he received in a 1974 conviction. We affirmed that conviction for violation of 18 U.S.C. § 2314 in *United States v. Belle,* 516 F.2d 578 (8th Cir. 1975). Belle now contends that a reversed conviction was considered by the sentencing judge, the Honorable John F. Nangle, to enhance the sentence, and that this mandates reversal. We affirm the dismissal of Belle's collateral attack for the reason that the invalid conviction was not considered to enhance the sentence.

In *United States v. Ruffin,* 389 F.2d 76, 80 (7th Cir. 1968), a previous conviction of Belle's for violation of the Dyer Act was overturned. Belle contends that this conviction appeared on an FBI rap sheet which was part of the presentencing report. Although this report is not part of the record we assume that petitioner's assertion is correct in this particular.

During the sentencing hearing Judge Nangle asked Belle if it was not correct that he had at least four adult convictions, and the defendant responded in the affirmative.[1] Reversal of the Dyer Act conviction was not brought to the judge's attention. But if the invalid conviction was considered by the judge in enhancement of the sentence, the sentence may be invalid.[2] *United States v. Tucker,* 404 U.S. 443, 448–449, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).

Judge Nangle, who was the sentencing judge, also considered Belle's petition for a writ of habeas corpus below. He stated that he had awarded the sentence because of the seriousness and nature of the crime without regard to any of petitioner's previous convictions. Therefore the sentence was not enhanced by the invalid conviction, and resentencing would be improper. *Peterson v. United States,* 493 F.2d 478, 479–480 (8th Cir. 1974); *United States v. Simon,* 488 F.2d 1094, 1095 (1973), *cert. denied,* 417 U.S. 934, 94 S.Ct. 2647, 41 L.Ed.2d 238 (1974); *McAnulty v. United States,* 469 F.2d 254, 255–256 (8th Cir. 1972), *cert. denied,* 411 U.S. 949, 93 S.Ct. 1933, 36 L.Ed.2d 411 (1973).

Accordingly, we affirm the order of Judge Nangle dismissing the action.

---

1. Belle has at least four convictions even when the reversed Dyer Act conviction is not considered.

2. Because of our disposition of this case, we find it unnecessary to consider the effect of Belle's failure to bring the 1968 reversal to the sentencing judge's attention.