**Robert Charles WRAGGS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 59704.

Supreme Court of Missouri,
En Banc.

May 10, 1977.

See also, 496 S.W.2d 38.

Kevin M. O'Keefe, St. Louis, for appellant.

Robert M. Sommers, Asst. Atty. Gen., Jefferson City, for respondent.

BARDGETT, Judge.

On application of respondent State of Missouri, this cause was transferred by this court from the Missouri court of appeals, St. Louis district, after opinion in that court, pursuant to art. V, sec. 10, Mo.Const., as amended 1970, and Rule 83.03. The reason we transferred the case was to consider respondent's contention that the court of appeals erred in its interpretation of *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), in light of *Peterson v. United States*, 493 F.2d 478 (8th Cir. 1974), *Ryan v. United States*, 485 F.2d 295 (8th Cir. 1973), and *United States v. Belle*, 525 F.2d 25 (8th Cir. 1975), which, in applying *Tucker*, denied the petitioners' applications to vacate a sentence previously imposed and to resentence the defendants. The case has been briefed and argued here and the court has concluded that the court of appeals opinion is not in conflict with *Tucker, Peterson, Ryan,* or *Belle*. We adopt the court of appeals opinion of Houser, Sp. J., with some additional comments.

Appeal from order denying Robert Charles Wraggs's Rule 27.26 motion to vacate or correct a judgment rendered and a sentence of 13 years' imprisonment imposed on March 23, 1972, on a charge of assault with intent to maim with malice.

Appellant was charged and convicted under the Habitual Criminal Act (based on a 1964 conviction of burglary and stealing) in division No. 20 of the circuit court of the city of St. Louis on January 7, 1972. The trial judge, Honorable Daniel T. Tillman, overruled appellant's motion for new trial

on March 23, 1972, and sentenced appellant to the 13-year term, ordering that it run concurrently with four previous sentences.[1] Judge Tillman made specific reference to these prior convictions during the sentencing hearing, stating "I am going to give you time in addition to what you have."

Subsequently Judge Nangle, who sentenced appellant in the four previous convictions in 1970, sustained a Rule 27.26 motion by appellant (filed in December 1972) attacking the two robbery sentences on the ground that the two victims were robbed in the course of the same transaction and two prosecutions for substantially the same act are not authorized. On the day Judge Nangle vacated the robbery sentences appellant repled guilty to one of the robbery charges and was sentenced to six years' imprisonment by Judge Nangle. The six-year sentence was ordered to run concurrently with the 13-year sentence imposed by Judge Tillman. Thereupon the other robbery charge was dismissed.

Thereafter appellant filed this Rule 27.26 motion in division No. 20 before Judge Tillman, attacking the validity of the 13-year sentence on the principal ground that it was based in part on Judge Tillman's consideration of an illegal and invalid prior conviction which was later vacated and set aside. At the conclusion of the hearing on the motion, Judge Tillman stated among other things that the basis for bringing appellant under the Habitual Criminal Act was not the two robbery cases but was the burglary of December 7, 1964; that in fixing a 13-year sentence the judge considered the totality of appellant's prior convictions, together with information supplied by the state highway patrol indicating appellant's past involvement with the law. Judge Tillman denied the motion, filing findings reciting that the sentence imposed "was within the court's sound discretion and was not based on any prior conviction which was

unconstitutional"; that "no manifest injustice has been proven by sentencing defendant to a term of thirteen years on the charge of assault with intent to maim with malice," and that the 13-year sentence was "justified * * * by the severity of the crime * * * and the previous conviction for burglary."

█ Appellant claims error in the failure of the court to set aside the 13-year sentence "since it resulted from the court's consideration of previous unconstitutional convictions and sentences," citing *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), and *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). Under these controlling decisions we must vacate and set aside the 13-year sentence, for the reason that the record clearly and unequivocally demonstrates that appellant was sentenced "on the basis of assumptions concerning his criminal record which were materially untrue," *Townsend v. Burke*, 334 U.S. l.c. 741, 68 S.Ct. 1255, namely, that Judge Tillman was confronting a defendant whom he considered and believed to have been legally convicted of five previous felonies, including two convictions for first degree robbery on each of which defendant had been legally sentenced to 10 years' imprisonment, whereas in truth defendant had been legally convicted of three previous felonies; and had not been legally convicted of the two robbery convictions (which entered into the determination) because the robbery convictions were invalid. The rationale is that the sentence of March 23, 1972, "might have been different if the sentencing judge had known that at least two of [appellant's] previous convictions had been [illegally] obtained." *United States v. Tucker*, 404 U.S. l.c. 448, 92 S.Ct. 592.

The State contends that the 13-year sentence was not "based on the two robbery

---

1. Cause No. 1778–R, possession of heroin (2 years); Cause No. 2851–R, attempt to obtain money by means of a bogus check (2 years); Causes Nos. 588–S and 589–S, robbery in the first degree with a dangerous and deadly weap-

on (10 years in each case), all four sentences imposed by Honorable James F. Nangle, presiding in division 10 of the circuit court of the city of St. Louis, on June 29, 1970, on pleas of guilty entered before him on May 12, 1970.

convictions" but on the burglary conviction, but on this record the conclusion is inescapable that the sentencing judge on March 23, 1972, took into consideration "the totality" of appellant's prior convictions, including the two 10-year robbery sentences later invalidated; that in referring to the 1964 burglary in his remarks at the conclusion of the evidence at the 27.26 hearing the judge was referring to the basis upon which the information under the Habitual Criminal Act was filed and not to the basis for the sentence, and that the reference to the burglary in the findings of fact was intended to convey the idea that the previous burglary conviction in and of itself would have been a sufficient "prior conviction" to justify the 13-year sentence, without regard to the two robbery convictions. The latter, of course, is not the question. The pertinent question is whether the sentence was predicated on misinformation; whether the sentence might have been different if the sentencing judge had known that at least two of appellant's previous convictions had been illegally obtained.

■ We cannot on this appeal entertain the State's contention that under *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), Judge Nangle erred in his ruling of November 21, 1973, setting aside the 10-year sentences, for we cannot here try that collateral matter and we must presume right action in that case.

■ Nor can we credit the State's argument that it would be futile to remand the case for resentencing because the trial judge will pronounce the same sentence on remand. A sentence passed on the basis of a materially false foundation lacks due process of law and entitles the defendant to a reconsideration of the question of punishment in the light of the true facts, regardless of the eventual outcome.

The court of appeals then vacated the 13-year sentence and remanded for resentencing.

Respondent contends in this court that the foregoing opinion is contrary to the interpretation placed upon *Tucker* by the United States court of appeals, eighth circuit, in *Peterson v. United States, Ryan v. United States,* and *United States v. Belle, supra.*

In *Ryan* the prior convictions which Ryan asserted to be invalid had not been held invalid. In *Peterson* the allegedly invalid prior state convictions had previously been upheld as constitutionally valid. In *Belle* one of the five previous convictions had been reversed prior to the sentencing about which Belle was complaining. During the sentencing proceedings the judge asked Belle if it wasn't correct that he had at least four adult convictions and Belle responded affirmatively and did not mention that a fifth conviction, a Dyer Act violation, had been reversed.

In each of these three cases the sentencing judge heard the postconviction motions and in overruling the motions stated unequivocally that the sentence he imposed was without regard to the prior convictions and that he would have imposed the same sentence regardless of the allegedly invalid convictions. The United States court of appeals concluded that the prior convictions did not enhance the sentences and therefore affirmed the trial court's denial of the postconviction motions.

In *Taylor v. United States,* 472 F.2d 1178 (8th Cir. 1973), the petitioner had been sentenced to three concurrent 20-year terms in 1967 as a subsequent narcotics offender. At the time the court imposed those sentences, the court was aware of the fact that in 1948 Taylor had been convicted and sentenced to a two-year term for acquiring and possessing marihuana cigarettes without paying the transfer tax. In 1949 Taylor was convicted of unlawful possession of heroin. Sentence was deferred from time to time and eventually Taylor was discharged without imposition of sentence. The eighth circuit held the 1949 conviction valid but held the 1948 conviction invalid for the reasons stated in its opinion at 1179[2]. In speaking about the three 20-year sentences, which were the subject of the *Taylor* case, the court stated at 1180:

"Notwithstanding that the district court has reasoned that the sentence here is within the permissible range of sentences for first and second offenders, we think compliance with the true intent and meaning of *Tucker*, as well as *Leary* [*Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) and *Covington* [*United States v. Covington*, 395 U.S. 57, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969)], requires that petitioner be resentenced. Although two of the three counts under Section 4705(a) were well within the statutory limits for second or subsequent offenses (ten to forty years), we deem it significant with respect to the third count that a second offender may receive five to twenty years while a third offender receives ten to forty years. Thus, even though appellant received a moderate sentence for a third offender, he received the maximum for a second offender on that count. See 26 U.S.C. sec. 7237(a).

"Although the district court has stated that it would be of no consequence, we nevertheless feel the court should resentence petitioner, keeping in mind that the 1948 conviction was constitutionally infirm and that the petitioner is not a third offender. This court is aware of our decision in *McAnulty v. United States*, 469 F.2d 254 (8 Cir. 1972), where we refused to remand to the district court since the district court reviewing petitioner's motion to vacate the sentence under Section 2255 was the same court which had earlier sentenced the defendant. There the district judge had earlier refused to vacate the sentence since in his judgment 'the sentence would be the same.' We find this statement clearly distinguishable from the court's reasoning here that resentencing would be of 'no consequence' since the original sentence was still within the permissible limits. A sentencing judge might still render a lesser sentence where the petitioner's record appears in a 'dramatically different light' notwithstanding that the original sentence was within permissible limits of the lesser category of recidivists. Judgment reversed and remanded for resentencing of the 1967 conviction."

On March 23, 1972, the appellant Wraggs was granted allocution and was sentenced to 13 years' imprisonment on his conviction of assault with intent to maim with malice. This is the sentence he presently seeks to set aside and to receive a new sentence. On June 29, 1970, Wraggs received four sentences as follows: possession of heroin—2 years; attempt to obtain money by means of a bogus check—2 years; two convictions of robbery in the first degree with a dangerous and deadly weapon—10 years each conviction. This was the situation at the time Wraggs was sentenced on March 23, 1972, and such was known to the sentencing court.

During the sentencing of March 23, 1972, the court stated to appellant that the court had considered all facets of the case and said, "*I am going to give you time in addition to what you have.*" (Emphasis supplied.) The judge said he had spoken with defense counsel with reference to whether the sentence should be concurrent to the earlier sentences or consecutive and concluded that a concurrent sentence would be in appellant's best interest because, the judge said, the appellant would stand a better chance for parole if it were concurrent rather than consecutive.

The 13-year sentence was to be some time in addition to the concurrent 10-year sentences. We cannot determine just how much additional time it would have been because we do not know whether appellant had begun to serve the 10-year sentences or not. Suffice it to say that the circuit judge who imposed the 13-year sentence declared that he was doing so in order that appellant would have time in prison in addition to the 10-year sentences.

On November 21, 1973, Judge Nangle vacated the two 10-year robbery sentences; the appellant then repled guilty to one of the robbery charges and received a 6-year sentence to run concurrently with the 13-year sentence imposed March 23, 1972. The other robbery charge was dismissed.

It seems obvious from Judge Tillman's remarks at the time of sentencing that the

pair of 10-year sentences which the appellant was then serving played a part in the judge's decision to sentence appellant to a 13-year-concurrent term. It does not appear from the record that the *fact* of the prior convictions for robbery influenced the sentencing on the assault conviction nearly as much as the length of the sentences therefor which appellant was then serving. We have reached that conclusion because the sentencing judge, in effect, said so at the time he imposed the 13-year sentence.

This case is more in the vein of *Taylor, supra* than the other cases cited by respondent. The change from two robbery convictions with two concurrent 10-year terms to one robbery conviction with a single 6-year term places appellant in a significantly different position than what he was at the time Judge Tillman sentenced him. It is not for us to say that this change would not influence, although not compel, a sentencing judge to render a lesser sentence. This is true even though, as Judge Tillman has stated, the 13-year sentence was within legal limits and his discretion; it was not based upon prior convictions which were unconstitutional and was justified and supported by the severity of the crime of assault with intent to maim with malice. The fact remains that it was the sentencing judge who declared at the sentencing that the 10-year sentences appellant was then serving played a significant part in his decision to impose the 13-year sentence.

The judgment is reversed; the 13-year sentence is vacated and set aside; and the cause is remanded to the circuit court for resentencing.

SEILER, C. J., and HENLEY, FINCH and DONNELLY, JJ., DIXON and TURNAGE, Special Judges, concur.

MORGAN and RENDLEN, JJ., not sitting.