**Frederic F. BROWN, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 68776.

Missouri Court of Appeals,
Eastern District.
Division One.

June 11, 1996.

Deborah B. Wafer, Dist. Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

The motion court denied movant, Frederic F. Brown's, motion for Rule 24.035 relief after an evidentiary hearing. The motion was timely filed after defendant was sentenced on guilty pleas on three charges: kidnapping, armed criminal action and forcible rape. The sentences on these pleas were in accord with a favorable plea bargain which

included dismissal of charges of forcible rape and three charges of forcible sodomy. The court imposed two consecutive fifteen year sentences to be served concurrently with a term of life imprisonment.

Movant contends the motion court erred in finding his waiver of his right to a presentence investigation was knowing and voluntary. The plea record confirms the court sentenced movant in accord with a plea agreement after it explained to him he had the right to a presentence investigation.

■ The contention is not reviewable in a Rule 24.035 motion and it is without merit. First, assuming the allegation is reviewable under the rule, it has no merit. Movant expressly waived a presentence investigation. He has a college education and a degree. He expressly acknowledged that he had received no promises or threats which coerced him in any way to waive his right to a presentence investigation. The plea record and the testimony of defendant's counsel supports a finding that he knowingly and voluntarily waived that right. The findings of the motion court are therefore not clearly erroneous as required by Rule 24.035(j).

■ First, the allegation in the motion and the point on appeal are directed toward an unknowing or involuntary waiver of his right to a presentence investigation, not an unknowing or involuntary plea of guilty. Movant did not allege he has a right to withdraw his guilty pleas or that he wishes to withdraw the pleas. He did not allege and he does not now argue that the guilty pleas on which he was sentenced were unknowing or involuntary. For that reason the factual issue and the legal argument are not within the scope of Rule 24.035. He concedes that the guilty pleas were knowing and voluntary.

■ Movant contends his attorney was ineffective because he was misinformed about the use and prospect of a presentence investigation before he waived that "statutory" right. Rule 29.07(a)(1) provides that a presentence investigation is discretionary, not mandatory. *State v. Jennings*, 649 S.W.2d 448, 455 (Mo.App.1983). Assuming, without deciding the rule confers the right to a presentence investigation, the source of that

right is not constitutional. Neither the Federal nor the Missouri Constitution confers a right to a presentence investigation. It is a benefit subject to waiver and defendant waived it. As a matter of law, movant was not entitled to the relief he requested and now argues.

We affirm.

REINHARD, P.J. and GRIMM, J., concur.