David T. ROLLER, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 24745.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 16, 2002.

Mark A. Grothoff, Asst. Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Anne E. Edgington, Assistant Attorney General, for respondent.

JAMES K. PREWITT, Presiding Judge.

Following a trial by jury, Movant was convicted of the class A felony of murder in the second degree, § 565.021, RSMo 1994, and armed criminal action, § 571.015, RSMo 1994. The jury assessed punishment for each count at imprisonment for a term of twenty-five years. Movant was sentenced by the trial court to two consecutive terms of twenty-five years' imprisonment. On direct appeal, the judgment and sentences were affirmed. *State v. Roller*, 31 S.W.3d 152 (Mo.App.2000).

Movant filed his pro se Rule 29.15 motion seeking post-conviction relief on March 2, 2001. Counsel was appointed for him and an amended motion was filed August 20, 2001. The motion court denied Movant's motion without an evidentiary hearing on October 29, 2001. Movant appeals, presenting one point relied on, contending that the trial court sentenced Movant under a mistaken belief that consecutive sentences were mandatory, thereby prejudicing Movant because the trial court did not properly exercise its judicial discretion and "had appellate counsel asserted this issue on direct appeal, a reasonable probability exists that the appellate court would have remanded appellant's case for resentencing."

The sentencing hearing was held November 17, 1999, wherein counsel for Movant recommended the following as to sentencing:

I think the Court has the power to run an ACA [armed criminal action] and second degree murder concurrent. I believe you have that right. I've spoken with Cranston Mitchell a number of times at the Department of Corrections and I think they run them concurrent from time to time. I think there's a statute that says he has to do at least three years on it, and maybe the Court's belief is he has to do the three years consecutive to the twenty-five or whatever sentence he's given. But I think the Court has the power to run it concurrent, and then it's up to the Department of Corrections and the Missouri Board of Probation and Parole.

. . . .

And I ask the Court to give the defendant ten to fourteen years and to run the sentences concurrent with each, ten to fourteen on ACA and ten to fourteen on second degree murder.

The trial court and prosecutor responded as follows:

[Trial Court] First of all let me go ahead and say that my reading of the statute in this area will not allow me to run these sentences concurrently. I think a second degree murder sentence can be run concurrent with another felony sentence. But I'll hear from you, Mr. Crank [prosecutor] if you think Mr. Wampler is correct that that is an option for me.

[Prosecutor] I think your reading of the statute, Your Honor, is correct. I don't know of any other way that's allowed.

[Trial Court] I don't think it's directed as much to the armed criminal action count as it is the second degree murder count, that's my understanding of the statute here.

In pronouncing sentence, the trial court further stated:

I believe that under statute I don't have any choice but to run those consecutively, and that will be the judgment of the Court that those two counts will be run consecutively, that is back to back.

The pertinent portions of the statutes which were applied in determining Movant's sentences state:

**565.021.  Second Degree murder, penalty**

. . . .

2. Murder in the second degree is a class A felony, and the punishment for second degree murder shall be in addition to the punishment for commission of a related felony or attempted felony, other than murder or manslaughter.

**571.015.  Armed criminal action, defined, penalty**

1. Except as provided in subsection 4 of this section, any person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon is also guilty of the crime of armed criminal action and, upon conviction, shall be punished by the department of corrections and human resources for a term of not less than three years. The punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon. No person convicted under this subsection shall be eligible for parole, probation, conditional release or suspended imposition or execution of sentence for a period of three calendar years.

Here, Movant contends that appellate counsel was ineffective for failing to raise the issue that Movant had been denied due process of law in his direct appeal in that the trial court failed to exercise its discretion in sentencing appellant to consecutive sentences under the mistaken belief that § 571.015.1 mandated consecutive sentencing.

The State concedes that the trial court was mistaken in its belief that consecutive sentencing was mandated; however, it argues that Movant made no showing "that appellate counsel's failure to raise this allegation of trial court error on direct appeal was prejudicial to him because he does not contend that the outcome of his trial would have differed had appellate counsel raised the issue." Further, Respondent asserts that Movant's claim should have been raised in his direct appeal and is not cognizable in a post-conviction appeal absent special circumstances, *State v. Dixon,* 969 S.W.2d 252, 255 (Mo.App.1998), or in rare and exceptional circumstances, *Dodds v. State,* 60 S.W.3d 1, 6 (Mo.App.2001). Respondent points to a finding by the motion court, issued by the trial judge, which, it contends, "indicate[s] that the judge would have sentenced appellant to consecutive sentences even if he had known he had the option to sentence him to concurrent sentences":

Even if the Court were incorrect in believing that it had no choice but to run the sentences consecutively under the law, [Movant] is not entitled to a new trial. *State v. Treadway,* 558 S.W.2d 646, 653 (Mo. banc 1977). At best, he is entitled to a remand for resentencing so

that the Court may impose sentence based on its discretion. Whether or not this action is warranted can be determined from the law and the record without an evidentiary hearing. The Court declines to grant an evidentiary hearing on this point.

The following cases have addressed the issue of a trial court's mistaken belief that consecutive sentencing was mandated:

*State v. Treadway*, 558 S.W.2d 646 (Mo. banc 1977), *overruled on other grounds by Sours v. State*, 593 S.W.2d 208, 210 (Mo. banc 1980), found that "[t]he words 'in addition to', standing alone, do not clearly mandate that a sentence under the armed criminal action statute be imposed consecutive to a sentence for the felony conviction upon which the armed criminal action charge is based." *Treadway*, 558 S.W.2d at 653. There, the court remanded the case for resentencing.

*State v. Olney*, 954 S.W.2d 698 (Mo.App. 1997), reviewed appellant's claim for plain error, finding that § 571.015.1 "does not mandate that a sentence be imposed under the armed criminal action statute be imposed consecutively to the sentence for the underlying felony." *Id.* at 700. The *Olney* court remanded the cause for resentencing and directed the trial court to exercise its judicial discretion in deciding whether the sentences imposed should be served concurrently or consecutively. The state argued that, as the defendant did not object to the sentences at the time they were imposed, the matter was not preserved for review.

*State v. Taylor*, 67 S.W.3d 713 (Mo.App. 2002), reviewed a similar claim of error and followed *Treadway* and *Olney* in finding that § 571.015 does not require consecutive sentencing with the underlying felony. This District affirmed appellant's convictions and remanded for resentencing, directing the trial court to exercise its judicial discretion in imposing concurrent or consecutive sentences. *Taylor*, 67 S.W.3d at 716.

*Williams v. State*, 800 S.W.2d 739 (Mo. banc 1990), in reviewing an ambiguity in § 558.026.1, RSMo 1986, which provides for multiple sentences of imprisonment for certain crimes, the Supreme Court of Missouri interpreted the statute "as in favor of according the trial court maximum discretion" in ordering concurrent or consecutive sentences for multiple convictions of certain offenses. *Id.* at 740. The dissent concentrates on movant's claim of ineffective assistance of counsel for "failing to correct the trial judge" who had stated that he was "compelled to run sentences consecutively," finding that movant suffered no prejudice. *Id.* at 741. The majority opinion finds otherwise, concluding "[w]e cannot say that the judge might not have pronounced a less severe sentence if he thought he had discretion to do so. The appropriate remedy is to remand for resentencing." *Id.*

■ We need not decide if Movant, as the State contends, is barred from raising the sentencing issue because it was not raised on direct appeal, as Movant's ineffective assistance of counsel argument can clearly be raised in a post-conviction motion, and we decide the case on this basis.

■ A difference between this case and *Williams* is that in *Williams*, there was a plea of guilty, but how guilt was arrived at is not a question here. The question here is sentencing. The State argues that no prejudice was shown, but that was one of the grounds relied on by the dissenters in *Williams* and apparently rejected by the majority of the court. We must follow decisions of the Missouri Supreme Court. Following *Williams*, we believe the matter must be remanded for resentencing.

The judgment of the trial court is reversed and the case is remanded for resentencing where the trial court shall exercise its judicial discretion with reference to whether the sentences imposed on the two counts are to be concurrent or consecutive.

RAHMEYER, C.J., and SHRUM, J., concur.