**STATE of Missouri, Respondent,**

v.

**Lamont ROWAN, Appellant.**

No. ED 87067.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 12, 2006.

Craig A. Johnston, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Victor J. Melenbrink, Jefferson City, MO, for Respondent.

ROY L. RICHTER, Presiding Judge.

■ Lamont Rowan claims the trial court erred in refusing to consider or allow evidence of Rowan's postsentencing good behavior before imposing judgment and sentence after remand. We reverse and remand for resentencing.

## I. BACKGROUND

Rowan was charged with committing murder in the first degree. After a jury trial in the Circuit Court of the City of St. Louis before Judge David C. Mason, Rowan was found guilty of the lesser included offense of murder in the second degree. At sentencing, defense counsel asserted that Rowan would only have to serve 85% of his life sentence. The trial court disagreed, contending that there was no 85% of life and imposed a life sentence. Rowan appealed. This court reversed and remanded, holding that at the time of sentencing the trial court was mistaken about the amount of time that Rowan would serve in prison before being eligible for parole.

At sentencing on remand, defense counsel attempted to introduce evidence of Rowan's good behavior in prison. Judge Mason refused to consider such evidence, asserted it was irrelevant, and once again sentenced Rowan to life imprisonment. The following day, at another hearing,

Judge Mason declared that his statements regarding the inadmissibility of postsentencing behavior at resentencing were in error. Because the court's jurisdiction ended after its sentence pronouncement, the trial court refused to indicate how it would have ruled had it heard evidence of Rowan's good behavior.

Rowan appeals.

## II. DISCUSSION

■■■ A trial court has broad discretion in admitting evidence and its decisions will be affirmed on appeal unless it abused its discretion. *State v. Morrow*, 968 S.W.2d 100, 106 (Mo. banc 1998). An abuse of discretion occurs when the trial court's decision is clearly against the logic of the circumstances and "is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." *Hancock v. Shook*, 100 S.W.3d 786, 795 (Mo. banc 2003). In addition, in matters concerning the admission of evidence, we "review for prejudice, not mere error," and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial. *State v. Warren*, 141 S.W.3d 478, 491 (Mo.App. E.D.2004).

Rowan argues that the trial court committed reversible error when it refused to consider evidence of Rowan's good behavior in prison in making its resentencing decision. It is recognized that a court in making a sentencing decision has discretion to consider a variety of factors. The United States Supreme Court has held that information unfavorable to a defendant including postsentence behavior may be considered by a court subject to limitations prohibiting retaliatory vindictiveness. *See North Carolina v. Pearce*, 395 U.S. 711, 725–26, 89 S.Ct. 2072 (1969); *State v. Burkemper*, 882 S.W.2d 193, 198 (Mo.App. E.D.1994). In addition, other jurisdictions

have reasoned that a resentencing judge has authority to similarly consider favorable information about a defendant's good behavior subsequent to his original sentencing. *See Com. v. White*, 436 Mass. 340, 764 N.E.2d 808, 812 (2002); *State v. Carter*, 208 Wis.2d 142, 560 N.W.2d 256 (1997). The trial court was therefore permitted to consider Rowan's postsentencing behavior in its resentencing decision. Consequently, the only issue before this court is whether the trial court's error prejudiced Rowan. We hold that it did.

In *Wraggs v. State*, 549 S.W.2d 881, 884 (Mo. banc 1977), after two prior convictions were converted into a single shorter term conviction, the court concluded that resentencing was appropriate due to these changed circumstances. This change placed "appellant in a significantly different position than what he was" at sentencing. In addition, the court noted that it was "not for [it] to say that this change would not influence, although not compel, a sentencing judge to render a lesser sentence." *Id.* at 886.

Here, Rowan has similarly been placed in a different position in light of excluded evidence. After asserting that Rowan's good behavior in prison was not legally relevant, the trial court sentenced Rowan, and then later recanted its earlier statements. Having lost jurisdiction over the case by rendering a sentence, the trial court admitted it was very wrong on the law and declined to reveal how it would have ruled had it heard evidence of Rowan's good behavior. As stated in *Wraggs*, it is not for us to say that this change would not affect the trial court's decision on sentencing. Consequently, it is appropriate that this case be remanded for resentencing. The trial court has the authority to reimpose the original sentence if it chooses to do so.

## III. CONCLUSION

The judgment of the trial court is reversed and the case is remanded for re-sentencing.

MARY K. HOFF, J., Concurs.

SHERRI B. SULLIVAN, J., Concurs.