**STATE of Missouri, Respondent,**

v.

**Charles L. SANCHEZ, Appellant.**

No. 27758.

Missouri Court of Appeals, Southern District, Division Two.

April 3, 2007.

Ellen H. Flottman, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joshua N. Corman, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT S. BARNEY, Judge.

Charles Sanchez ("Appellant") was convicted by a jury of two counts of kidnapping pursuant to section 565.110; two counts of armed criminal action pursuant to section 571.015; one count of unlawful use of a weapon pursuant to section 571.030.1(4); and one count of arson in the first degree pursuant to section 569.040.[1] The trial court sentenced Appellant as a prior and persistent offender to a total of twenty-two years in the Missouri Department of Corrections. Appellant's conviction was upheld in State v. Sanchez, 186 S.W.3d 260, 267 (Mo. banc 2006); however, the Supreme Court of Missouri determined that Appellant had been improperly sentenced as a persistent offender; reversed the trial court; and remanded the matter for the purpose of resentencing Appellant solely as a prior offender. See § 558.016. Upon resentencing, the original trial judge sentenced Appellant as a prior offender to twenty-two years in the Missouri Department of Corrections.

In his sole point of error, Appellant maintains the trial judge abused his discretion in resentencing him to twenty-two years imprisonment without permitting him to have a new presentence investigation report, so as to permit the trial judge to consider new evidence concerning Appellant's conduct while in prison between his original sentencing and resentencing. Appellant maintains the trial judge's failure to order an updated presentence investigation report violated his "rights under [s]ection 557.[026] and to due process of law ... in that the evidence was relevant and material to the sentence."[2]

---

1. All statutory references are to RSMo 2000.

2. As best we discern, Appellant's brief is mistaken by its reference to section 557.036, instead of the correct statute which deals with presentence investigation reports, section 557.026.

In the present matter, on May 12, 2006, Appellant appeared for resentencing before the same trial judge as in the prior trial. At that time, Appellant's counsel requested a new presentence investigation report which would include information relating to Appellant's conduct during his incarceration. The trial judge denied the request because he stated he had been "present at the [previous trial of the matter] ... and ... [Appellant] has been incarcerated since the original sentencing, so I don't think there's much to update from that."

Nevertheless, during the course of the hearing, the trial judge permitted counsel for Appellant to inform the trial judge that Appellant "had completed a course in anger management;" "had completed a course regarding substance abuse;" had "been very active in the church and [had] been issued a certificate of membership into the Legion of Mary." Counsel also related that Appellant "had a lot of time to think about what happened ..." and "accepts responsibility [for the crimes committed and] for choosing to take the drugs." Counsel also stated that Appellant's "mind is a lot clearer than it has been, and he's probably willing today to take far more responsibility than he has in the past."

Additionally, Appellant personally informed the trial judge that since he had been in prison he had been able to "understand the magnitude of the seriousness ..." of the crimes he committed and had "been able to reflect on it and understand it better...." Appellant also apologized to everyone involved in the incident which led to his underlying convictions and stated he "never meant any harm to them or anybody." Appellant asked the trial judge to "take into consideration that [he] can and will be, if given the chance, ... a positive and productive functioning part of society."

In response, the trial judge stated he felt Appellant "look[ed] clearer of mind ..." than the last time he appeared in court. The trial judge related that he did not feel it was "appropriate" to sentence Appellant to a *longer* term in prison. The trial judge further related he was hopeful Appellant would emerge from prison "a law-abiding citizen," but recognized the crimes committed by Appellant "were extremely serious crimes, very dangerous." Accordingly, the trial judge, again, sentenced Appellant to a total of twenty-two years in prison. This appeal by Appellant followed.

■■■■ "Rule 29.07(a)(1) provides that a presentence investigation is discretionary, not mandatory." *Brown v. State,* 924 S.W.2d 311, 312 (Mo.App.1996); *see also State v. Jennings,* 649 S.W.2d 448, 455 (Mo.App.1983). "[T]he language of the rule is 'clearly authority for the court to make use of presentence investigation as discretion indicates.'"[3] *State v. Shafer,*

---

**3.** Writing for this Court in *Heistand v. State,* Judge Crow set out the following analysis regarding the discordance between section 557.026 and Rule 29.07(a)(1):

> As observed in *State v. Phroper,* 619 S.W.2d 83, 90–91 (Mo.App.1981), there is a patent inconsistency between the statute and the rule. The statute requires a presentence investigation and report in all felony cases when a probation officer is available to the court, *unless such investigation is waived by the defendant.* The rule, however, requires

a presentence investigation and report when a probation officer is available to the court, *unless otherwise directed by the court. Phroper* held that the rule takes precedence over the statute, consequently the use of presentence investigations and reports in felony cases is discretionary with the trial court, rather than mandatory. In subsequent cases presenting the same issue, *Phroper* has consistently been followed.

*Heistand v. State,* 740 S.W.2d 282, 284 (Mo. App.1987) (internal citation omitted).

969 S.W.2d 719, 743 (Mo. banc 1998) (quoting *State v. Maloney*, 434 S.W.2d 487, 496 (Mo.1968)).

Appellant urges this matter is akin to that in *State v. Rowan*, 201 S.W.3d 82 (Mo.App.2006). In *Rowan*, the defendant had been convicted by a jury of felony murder in the second degree for which he was sentenced to life imprisonment and the defendant appealed. *Id.* at 83. The reviewing court reversed and remanded, holding that "at the time of sentencing the trial court was mistaken about the amount of time that [the defendant] would serve in prison before being eligible for parole." *Id.* "At sentencing on remand, defense counsel attempted to introduce evidence of [the defendant's] good behavior in prison." *Id.* The trial judge "refused to consider such evidence, asserted it was irrelevant, and once again sentenced [the defendant] to life imprisonment." *Id.* However, "[t]he following day, at another hearing, [the trial judge] declared that his statements regarding the inadmissibility of postsentencing behavior at resentencing were in error." *Rowan*, 201 S.W.3d at 83–84. Nevertheless, the trial judge expressed the opinion that because his jurisdiction ended after the pronouncement of his sentence, the trial judge "refused to indicate how [he] would have ruled had [he] heard evidence of [the defendant's] good behavior." *Id.* at 84.

On appeal, the *Rowan* defendant argued "the trial court committed reversible error when it refused to consider evidence of [the defendant's] good behavior in prison in making its resentencing decision." *Id.* The reviewing court in *Rowan* "recognized that a [trial] court in making a sentencing decision has discretion to consider a variety of factors," and, therefore, a trial court is "permitted to consider [the defendant's] postsentencing behavior in its resentencing decision." *Id.* The court opined:

After asserting that [the defendant's] good behavior in prison was not legally relevant, the trial court sentenced [the defendant], and then later recanted its earlier statements. Having lost jurisdiction over the case by rendering a sentence, the trial court admitted it was very wrong on the law and declined to reveal how it would have ruled had it heard evidence of [the defendant] good behavior.

*Id.* As such, the reviewing court determined the *Rowan* defendant was prejudiced because it had no way of knowing if the excluded evidence would have affected the trial court's decision on resentencing. *Rowan*, 201 S.W.3d at 84. Thus, the matter was remanded for resentencing. *Id.* at 85.

*Rowan* does not assist Appellant in that the present matter is different from *Rowan* in several respects. In *Rowan*, the sentencing court not only excluded all evidence relating to the defendant's activities between the trial and resentencing, but after excluding it the trial court admitted "it was very wrong on the law" in excluding that evidence. *Id.* at 84. In the instant matter, the trial judge declined in its discretion to order a new presentence investigation report and specifically stated it was unnecessary, because he had been involved in the underlying trial of the matter as well as numerous after trial issues. Additionally, unlike in *Rowan*, the trial judge here did not specifically exclude evidence relating to Appellant's activities during the time he was in prison and resentencing and, in fact, allowed Appellant's counsel to refer to certain, positive changes in Appellant's life. Even Appellant admits in his appellate brief that "the sentencing court allowed defense counsel to tell the court about the classes and church that [A]ppellant had attended in prison...." Additionally, Appellant, himself, informed the

trial judge of the ways in which he had changed since being incarcerated, and the trial judge heard Appellant apologize to those persons involved in the incident which led to his incarceration. Accordingly, even without the presentence investigation report, the trial judge heard evidence relating to Appellant's positive changes and accomplishments between trial and resentencing. As such, this Court fails to see how Appellant was prejudiced by the trial judge's denial of Appellant's request for a new presentence investigation report. *See Rowan*, 201 S.W.3d at 84. Additionally, we note that even the reviewing court in *Rowan* ultimately opined the "trial court has the authority to reimpose the original sentence if it chooses to do so." *Id.*

In the instant matter, the trial judge did not abuse its discretion in denying Appellant's request for a new presentence investigation report. *Heistand*, 740 S.W.2d at 285. Appellant's point is denied.

The judgment and sentence of the trial court judge is affirmed.

GARRISON and LYNCH, JJ., concur.