**Eddie HEAD, Movant,**

**v.**

**STATE of Missouri, Respondent.**

**No. ED 93893.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 28, 2010.

Scott Thompson, St. Louis, MO, for appellant.

Chris Koster, Mary H. Moore, Jefferson City, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Eddie Head (Movant) appeals from the judgment of the Circuit Court of the City of St. Louis denying, after an evidentiary hearing, his Rule 29.15 motion for post-conviction relief. The motion court's judgment denying post-conviction relief is re-

versed. The sentence, but not the conviction, on count V (kidnapping) is vacated, and the case is remanded for re-sentencing on that count.

## Background

A jury convicted Movant of two counts of first-degree robbery, kidnapping, and forcible rape. The trial court sentenced Movant to two concurrent prison terms of 10 years on the robbery counts plus consecutive terms of 15 years for rape and 12 years for kidnapping, for a total of 37 years. This court affirmed the judgment and sentence. *State v. Head*, 272 S.W.3d 312 (Mo.App.2008).

Movant filed a motion for post-conviction relief claiming that Movant's trial counsel was ineffective for failing to (1) present evidence of another man's DNA on the rape victim and (2) correct the trial court's misapprehension of the felony class of the kidnapping conviction as relevant to sentencing. The motion court held an evidentiary hearing during which two witnesses testified: a DNA analyst in the St. Louis Metropolitan Police Department crime laboratory, and Movant's trial counsel. Their testimony is discussed below as relevant to Movant's points of error. The motion court denied relief, and Movant appeals.

## Standard of Review

■ Our review of the motion court's denial of post-conviction relief is limited to a determination of whether the motion court clearly erred in finding that counsel was not ineffective. *Helmig v. State*, 42 S.W.3d 658, 665–66 (Mo.App. E.D.2001). To prove ineffective assistance of counsel, Movant must demonstrate that: (1) counsel's performance failed to conform to the degree of skill, care and diligence of a reasonably competent attorney, and (2) Movant was prejudiced by counsel's poor performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Deck v. State*, 68 S.W.3d 418, 425 (Mo. banc 2002).

To satisfy the first prong of the *Strickland* test, Movant must overcome a presumption that the challenged action constituted sound trial strategy. *State v. Hall*, 982 S.W.2d 675, 680 (Mo. banc 1998). The second *Strickland* prong necessitates that Movant "s how a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* If Movant fails to prove either prong of the *Strickland* test, we need not consider the remaining prong. *Buckner v. State*, 35 S.W.3d 417, 420 (Mo.App. W.D.2000).

## Discussion

### *Failure to introduce other DNA*

■ Movant claims that his trial counsel was ineffective for omitting evidence that another man's DNA was found on the rape victim. At the motion hearing, a DNA analyst testified that an unknown man's DNA was present on the victim's vaginal area and underwear. Movant's counsel testified that the victim's deposition indicated that she had had consensual intercourse with her boyfriend earlier on the evening of the rape and that Movant did not ejaculate. As such, he calculated that his case would be stronger without physical evidence. Specifically, counsel explained:

> If I presented the DNA person, the State would have an explanation for who that person was or where that DNA came from.... If I said there was no DNA present whatsoever, [the State may be able to argue that] there's a possibility that [Movant's] DNA was there, but there was too little to be present so we couldn't test it.... If she did not testify, I could still argue in

closing there was no physical evidence to show that he raped her.

This record supports the motion court's finding that counsel's decision was reasonable trial strategy. The motion court's finding that counsel was not ineffective on this basis is not clearly erroneous. Point denied.

### Mistaken felony class

■ Movant asserts that counsel was ineffective for failing to correct the court's misapprehension of the felony class of the kidnapping charge as relevant to sentencing. Movant was convicted of a class B felony. The range of punishment for a class B felony is 5 to 15 years while the range for a class A felony is 10 to 30 years.

The State's Information lists the kidnapping charge as a class A felony, but the narrative language of that count describes a class B felony. Movant's conviction was for a class B felony, though the docket sheet designates it as a class A felony. The trial transcript and the jury instruction confirm that the State intended to charge Movant with class B felony kidnapping. But in the post-verdict transcript the trial court stated the range as 10 to 30 years. The prosecutor attempted to correct the court, stating, "That's five to 15," to which Movant's counsel replied, "It's charged as an A."

At the sentencing hearing, the trial court referred to the sentencing assessment report and stated guidelines consistent with the range of punishment for an A felony, to wit: a mitigated sentence of shock time, a presumptive sentence of 12 years, and an aggravated sentence of 16 years. The trial court then asked counsel to confirm its analysis, to which counsel replied, "It looks like everything in there was accurate." Both the State and Movant's counsel recommended a sentence of 10 years. Ultimately, the trial court imposed 12 years. The presumptive sentence for a B felony is seven years.

At the motion hearing, Movant's counsel testified that he couldn't say whether, at the time of trial, he thought the kidnapping conviction was a class A or class B felony but only that he asked for 10 years concurrent with the robbery conviction because "they're both 85 percent crimes" and thus "[Movant] wouldn't be getting any more time on either one." He conceded that Movant was convicted of a class B felony and that he might have been confused that it was an A felony.

In its judgment denying relief, the motion court observed:

> "[D]efense counsel are only sporadically familiar with [sentencing] guidelines. It is simply not the case that competent defense attorneys regularly familiarize themselves with those guidelines and are in a position to correct miscalculations. (They should be.) Therefore it cannot be said that [counsel's] failure was the result of his being less skillful, careful, or diligent than most of his colleagues in the defense bar." (parenthetical in original)

Focusing only on counsel's familiarity with the guidelines, the court made no findings regarding counsel's own ignorance of the actual felony class of which his client was convicted.

As a preliminary matter, the State argues that Movant's claim is actually an allegation of trial court error and therefore not cognizable under Rule 29.15. We disagree with the State's characterization. The true basis for Movant's claim here, albeit obscured by the wording of his point relied on, is that his own lawyer was ignorant of the felony class of his conviction and, as a result, actively misinformed the court thereof and requested sentencing based on harsher guidelines than were applicable to Movant's offense. Movant's

claim impugns not the trial court but rather his counsel and is therefore properly raised under Rule 29.15. See *Roller v. State*, 84 S.W.3d 525, 528 (Mo.App.2002).

■ "A sentence passed on the basis of a materially false foundation lacks due process of law and entitles the defendant to a reconsideration of the question of punishment in the light of the *true facts*, regardless of the eventual outcome." *Wraggs v. State*, 549 S.W.2d 881, 884 (Mo.1977). In *Wraggs*, the trial court sentenced the defendant on the mistaken belief that he had five prior convictions when in fact he only had three. The record reflected that this mistake "played a significant part" in the trial court's sentencing decision. *Id.* at 886. Even though the sentences were still within the proper statutory range, the Court remanded for re-sentencing, stating, "[i]t is not for us to say that this change would not influence . . . a sentencing judge to render a lesser sentence." *Id.*

Similarly, in *Williams v. State*, 800 S.W.2d 739 (Mo.1990), the trial court sentenced the defendant to consecutive prison terms on the mistaken belief that it lacked the discretion to impose concurrent sentences. Though the dissent perceived no prejudice, the majority resolved the matter "in favor of according the trial court maximum discretion." *Id.* at 740. "We cannot say that the judge might not have pronounced a less severe sentence if he thought he had the discretion to do so. The appropriate remedy is to remand for resentencing." *Id.* at 741.

Also in *Roller v. State*, the trial court sentenced the defendant to consecutive terms on the mistaken belief that the applicable statute prohibited concurrent terms. Defense counsel attempted, unsuccessfully, to correct the error, but appellate counsel failed to raise the issue on appeal, so the defendant moved for post-conviction relief asserting ineffectiveness

of appellate counsel. Following *Williams*, the Southern District of this court granted relief by remanding for re-sentencing at the discretion of the trial court. 84 S.W.3d at 528.

■ Likewise, in *State v. Olney*, 954 S.W.2d 698 (Mo.App.1997), based on the same mistake as in *Roller*, the Western District remanded for re-sentencing even though the trial court might have imposed the same punishment on remand. "Sentencing is the responsibility of the trial court and we are reluctant to impinge on trial court authority in sentencing." *Id.* at 701.

In *State v. Rowan*, 165 S.W.3d 552 (Mo. App.2005), this court remanded a sentence that was imposed based on the trial court's mistaken affirmative representation to the defendant about his parole eligibility. Though reviewing on direct appeal, this court found guidance by analogy in post-conviction precedent holding that defense counsel is ineffective for affirmatively misinforming a client about parole eligibility. *E.g. Copas v. State*, 15 S.W.3d 49, 56 (Mo. App.2000).

Here, the trial court sentenced Movant based on a materially false foundation that Movant's own counsel perpetuated by affirmatively misinforming the court about his client's felony class. Based on that faulty premise, counsel's advocacy, though well-intentioned, was unwittingly deleterious to his client's interests. And even though Movant's sentence remained within the B felony range, we cannot say that the judge still would have imposed 12 years where the presumptive sentence was seven and the maximum was 15 rather than 30 years. Following established precedent discussed above, we leave that determination to the sound discretion of the trial court.

## Conclusion

The motion court's judgment denying post-conviction relief is reversed. Movant's convictions remain undisturbed. However, the sentence on count V (kidnapping) is vacated and set aside. The cause is remanded to the circuit court for re-sentencing, on that count only, under the guidelines for a class B felony.

SHERRI B. SULLIVAN, P.J., and LAWRENCE E. MOONEY, J., concur.