OPINION CONCURRING IN PART AND DISSENTING IN PART
Patricia Breckenridge, judge
I concur in the principal opinion's holding that the circuit court did not err in overruling Joseph Perry's motions to suppress. I respectfully dissent, however, from the principal opinion's holding that the circuit did not err in sentencing Mr. Perry based on a mistaken belief as to the range of punishment.
The principal opinion acknowledges the circuit court misunderstood the applicable sentencing range. Nevertheless, it faults *302 Mr. Perry for failing to establish the circuit court imposed his sentence based on a mistaken belief and points to the fact the circuit court did not sentence him to the misstated minimum punishment.
But as stated in my separate opinion in the case of State v. Pierce , No. SC96095, --- S.W.3d ---- (Mo. banc 2018), also handed down this date, Missouri courts have repeatedly held plain error results when a sentence is imposed by a circuit court that has expressly misstated the range of punishment on the record. Here, the circuit court expressly misstated, on the record, the range of punishment as five to 15 years in the department of corrections. Pursuant to section 558.011.1(1), RSMo Supp. 2013, Mr. Perry's enhanced range of punishment, as a prior and persistent offender, was one year in the county jail to 15 years in the department of corrections. The record, therefore, reflects the circuit court was under a mistaken belief as to the applicable enhanced sentencing range when it imposed Mr. Perry's eight-year sentence.
That Mr. Perry was not sentenced to the misstated minimum sentence is of no consequence. This Court reasoned in Wraggs v. State , 549 S.W.2d 881, 884 (Mo. banc 1977), "The pertinent question is whether the sentence was predicated on misinformation; whether the sentence might have been different if the sentencing judge had known that at least two of appellant's previous convictions had been illegally obtained." (Emphasis added). Knowing the correct range of punishment is necessarily a predicate to imposing any sentence, and sentencing a defendant when mistaken as to that applicable range inherently affects the sentencing process and might lead to a different sentence.
Due process prohibits a sentencing court from imposing a sentence based on a materially false foundation such as the applicable range of punishment and entitles a defendant to "reconsideration of the question of punishment in light of the true facts, regardless of the eventual outcome." Id. The principal opinion ignores these due process considerations and places on the defendant the nearly impossible burden of establishing he or she was sentenced solely on a mistaken belief as to the applicable sentencing range.
Consequently, I would hold Mr. Perry's sentence was based on a materially false foundation because the circuit court was wrong as to the correct enhanced range of punishment. Imposing sentence upon a mistaken belief as to the range of punishment is manifestly unjust and results in plain error. I, therefore, would vacate Mr. Perry's sentence and remand the case for resentencing.